[Civ. No. 8988.   Second Appellate District, Division One.—March 8, 1934.]

PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ALICE LEIGH et al., Respondents.

Frank Karr, C. W. Cornell and E. L. H. Bissinger for Petitioner.

Everett A. Corten and Arthur I. Townsend for Respondents.

CONREY, P. J.—This is a proceeding in *certiorari* to review an award made by the Industrial Accident Commission, of compensation for the death of one Walter J. Leigh, who at the time of the accident which caused his death was a car conductor in the employ of Pacific Electric Railway Company. The beneficiaries of the award are the widow and minor son of said Leigh.

On March 5, 1932, Leigh was employed on that part of the employer's railway system which runs between Clare-

mont and Pomona. The company maintains a terminal station on Garey Street in Pomona, with a passenger station on the west side of the street. The railroad tracks are laid in the street, level with the pavement in the usual way for street railway tracks. The car on which Leigh was conductor arrived at the Pomona station at 8:28 in the evening, and was due to leave Pomona for its next run at 8:50, thus leaving an interval of twenty-two minutes. For lay-over periods of less than one hour employees received pay, but according to the custom of the company, employees might use these intervals of time for their own purposes.

On the occasion in question Leigh telephoned to his home in Pomona and requested his son to bring down the family automobile and take him home so that he might change shoes. This was done and after the change of shoes the return trip was made to the railway station, arriving there at 8:50, just in time for Leigh to be on the car for its run to Claremont. The motorman had brought the car to its position on the north-bound track, with the open car door opposite to the door of the station on the west side of the street. The Leigh boy brought the automobile to a stop at the west curb, south of the station. The employee Leigh stepped out of the car and walked in a northeasterly direction toward the door of the street-car. When he had arrived at the south-bound track, and at a distance of about ten feet from the car door, he was hit by a passing automobile, thereby causing his death.

When, after the application for adjustment of claim had been filed with the Industrial Accident Commission, the case was brought to hearing before a referee, admissions of fact and undisputed evidence left open for decision the single issue: "Was death caused by injury which arose out of and in the course of employee's employment?" The attorney for the company suggested a stipulation as follows: "Cannot we stipulate that it happened in a certain way, that is to say he had half hour lay-over on pay, and that he had gone to his home and returned to his car at about the leaving time, the only issue remaining that is whether or not he had arrived at his place of employment." At that time the applicant Mrs. Leigh was not represented by counsel, and she made no response to the offered stipulation. The referee then asked her if she was willing to admit that

what the attorney said was true. She replied: "Well, as far as I know." Referring to the statement which had been made by the attorney (Mr. Turner) the referee said, "You admit that statement, Mr. Turner, that the reporter has just read? Mr. Turner: I do. The Referee: That's admitted on the part of defendant employer here and you understand is not a stipulation on the part of both the employer and the applicant. Mr. Turner: That's all right. Defendant is willing to be bound by that statement."

Thus it is seen that the proceeding was tried upon the theory that aside from the undisputed facts the single issue of fact to be determined was whether or not at the time of the accident the employee had arrived at his place of employment. By its original findings the commission determined that the employee's death was not proximately caused by an injury arising out of and occurring in the course of his employment. This may fairly be interpreted as an implied finding that at the time of the accident he had not arrived at his place of employment. It was ordered that the applicants take nothing. Thereafter a rehearing was allowed and the matter again came before the same referee for further hearing. The referee announced that all testimony taken at the preceding hearing would be considered. Additional testimony was then taken. One of the subjects of this additional evidence related to the circumstances attendant upon the trip which Leigh made to his home for the purpose of changing his shoes, and the reasons therefor; also relating to the rules of the company and customs of the company and its employees with reference to use of their time during short lay-over periods. The cause was resubmitted for decision, and the commission made its finding that the employee Leigh while employed as a conductor, at the time and place stated, "sustained injury arising out of and occurring in the course of his employment when he was struck by an automobile, the injury proximately causing his death on March 6, 1932". In view of the admissions of fact to which we have referred and the testimony as contained in the record, this later finding amounts to an implied finding that at the time of the accident the employee had arrived at his place of employment.

Briefs presented for our consideration herein have brought to our attention a number of recent decisions on

the subject of compensation rights of employees when injured on public streets at times when the employees were engaged upon personal errands. We think that we need not indulge in any new effort to state the effect of those decisions. The controversy sometimes turns on a question of the character of such personal errand as being incidental or not incidental to the subject of employment. For the purposes of the present decision we will assume that the employee had departed from the duties of his employment, and that if this accident had occurred at some appreciable distance from the station there would have been no right to compensation for his death. Therefore we assume also that the authority of the commission to award compensation in this case depends upon the existence of evidence sufficient to support the finding that at the time of the injury Leigh was upon the premises of his employment. After reading the evidence we have formed the opinion that the evidence does sustain such finding; that is, it is sufficient to have warranted a decision that at the moment of occurrence of the injury the employee had arrived upon the premises, or was within an area constituting a part of the premises of his employment, and was there for the purpose of immediate resumption of his duties as conductor. From this it must follow that the injury and death arose out of and occurred in the course of the employment.

The award is affirmed.

Houser, J., and York, J., concurred.