[S. F. No. 16834.   In Bank.   Mar. 19, 1943.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CECELIA E. COOPER, Respondents.

Burbank & Laumeister for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

GRIFFIN, J. pro tem.—This is a proceeding to review an order of the Industrial Accident Commission granting compensation for personal injuries.

On October 27, 1941, the petitioner was the employer's insurance carrier. The injured employee was a bookkeeper for an automobile parts concern in South San Francisco. She had been with the company for 22 years. Her normal working hours were from 8 a. m. to 4:30 p. m. She had the implied consent of her employer to go on such short personal errands as she desired during working hours and without any deduction being made in her salary. The evidence shows that the employee was obliged to use her automobile for the purpose of going to and from work because the plant was located about a mile from either train or bus. Her general duties as a bookkeeper were performed within the employer's building, which building was erected upon a sizable corner lot. Both building and lot were owned and controlled by her employer. The main entrance to the building was set back from the property line several yards. The employer, for the convenience of the employees and the public in general, constructed a driveway in the shape of a semi-circle leading from South Linden Avenue and terminating in Tanforan Avenue which runs parallel with the side of the building. The driveway was located entirely upon the employer's property and made use of for parking cars of the employees and the general public as well as for ingress and egress to and from the front entrance of the building. This driveway, at its nearest point, was but a few feet from the main entrance to the building.

On the day of the accident the employee drove her automobile to work in accordance with her usual custom, parked it on the driveway, and went into the building to her office. She there telephoned the nearest service station, which was some distance from her office, and requested the attendant to, and he did, take her car and grease it. When the car had not been returned in the afternoon, she telephoned the service station again. Since the attendant was alone, they agreed that if he delivered the car to her she would return him to the station in it. This was done. The employee then

drove her car to her office and parked it in the driveway just a few feet from the main entrance to the building. In attempting to step from the car to the driveway so that she could go into the office to finish her work for the day, she caught her heel in the hem of her dress, fell and broke her wrist.

In seeking to annul the award by the commission petitioner contends that because the employee had left her employment to attend to a personal errand and had not yet reached the place of her employment at the time of her injury, she was outside of the protection of the Workmen's Compensation Law and that said injury did not "arise out of and in the course of the employment" and was not proximately caused by the employment as contemplated by section 3600 of the Labor Code.

There is a general rule in compensation law known as the "going and coming rule" which is that an employee going to or coming from his place of work is excluded from the benefits of the compensation act. The reason for the rule is that the relationship of employer and employee is suspended from the time the employee leaves his work to go home until he resumes his work, since the employee, during the time he is going to or coming from work, is rendering no service for his employer. (Campbell's Workmen's Compensation, vol. 1, pp. 147-148.) The general rule, subject to many exceptions, however, is that injuries inflicted under the foregoing circumstances are not compensable. Because of the "going and coming rule," difficulty has been encountered in many border-line cases such as this one, in determining just when the employee is no longer subject to the rule but falls within the purview of the compensation law, thereby becoming a beneficiary under its provisions.

The term "employment" includes not only the doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. It was said in *Bountiful Brick Co.* v. *Giles,* 276 U.S. 154 [48 S.Ct. 221, 72 L.Ed. 507], that: "If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work

at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached. Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employee as a means of ingress and egress with the express or implied consent of the employer." The general rule there stated is that an employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done. There the employee was struck by a train and killed while he was crossing a railroad track situated adjacent to the employer's plant and from which railroad track the employee had to pass in order to reach the employer's premises. The court held that under the facts appearing the railroad property where the employee was fatally injured was "in practical effect a part of the employer's premises." It was there said, in interpreting the general rule, that the courts have meant simply to convey the idea that an employee in going to and from work, upon entering the employer's premises or a means provided for access thereto, enters the "course of" his employment and begins to perform services "arising out of and in the course of the employment." Of course it cannot be said that the mere fact that the injury occurred on the employer's premises is the *sole test* of compensability. The injury must be one arising out of and in the course of the employment.

The history of legislation involving Workmen's Compensation was aptly and succinctly related in *Ocean Accident etc. Co.* v. *Industrial Acc. Com.*, 173 Cal. 313 [159 P. 1041, L.R.A. 1917B, 336], cited by petitioner, in a very able opinion written by Mr. Justice Henshaw. Since that time many cases have been presented to our higher courts in which exceptions to the general going to and coming from work rule has been considerably broadened. (*Western Pipe etc. Co.* v. *Industrial Acc. Com.*, 49 Cal.App.2d 108 [121 P.2d 35].) In *Starr Piano Co.* v. *Industrial Acc. Com.*, 181 Cal. 433 [184 P. 860], it was held that under the act an employee of a company which rented space in a building, who was hurt by falling into the elevator shaft in an attempt to use the elevator on his way to perform services for his employer, was entitled to com-

pensation although the elevator was controlled by the owner of the building. Many cases are cited in that opinion bearing on that question. In discussing *De Constantin* v. *Public Service Com.*, 75 W.Va. 32 [83 S.E. 98, L.R.A. 1916A, 329], it was said that the language in that case ". . . is too broad if it was intended thereby to include injuries sustained on a public road or way, but the fundamental idea is sound when applied to a private means of access appurtenant, so to speak, to the employer's premises. The language is: 'Since injury after termination of actual work, while on the premises of the employer and in pursuit of the usual way of leaving the same, is held to be within the course of employment and to have arisen out of the same, it seems clear that an injury to a workman while coming to his place of work on the premises of the employer and by the only way of access, or the one contemplated by the contract of employment, must also be regarded as having been incurred in the course of the employment and to have arisen out of the same. If, in such case, injury does not occur on the premises, but in close proximity to the place of work and on a road or other way intended and contemplated by the contract as being the exclusive means of access to the place of work, the same principle would apply and govern. If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of coming to work, such place and its use seem logically to become elements or factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof.' "

In the instant case the evidence is clear that the driveway was on the premises of the employer and was a means of access to the place of employment and one contemplated by the contract of employment. The evidence is not entirely clear as to whether this was the exclusive means of access provided to the place of employment or the only one contemplated by the contract of employment. We do not believe it necessary to base our determination of this case upon this ground.

The question here presented is whether the employee, at the time of her injury, was on the premises of her employment "for the purpose of immediate resumption of her duties," so as to bring her within the provisions of section 3600 of the Labor Code. The fact relied on by petitioner that

applicant had not entered the building before the injury occurred would not necessarily deprive her of compensation benefits. Petitioner does not contend that had the employee entered the building and immediately thereafter caught her heel in the hem of her dress, fell and broke her wrist, the injury would not be compensable. So, where can we draw any fixed dividing line in the few feet distant between the automobile parked on the driveway and the main entrance to the building so as to say that the employee was or was not "on the premises for the purposes of immediate resumption of her duties"? Injuries sustained by an employee while going to or from his place of work on premises owned and controlled by his employer are generally deemed to have arisen out of and in the course of the employment. (*Smith* v. *Industrial Acc. Com.*, 18 Cal.2d 843 [118 P.2d 6].) *Pacific Electric Railway Co.* v. *Industrial Acc. Com.*, 137 Cal.App. 245 [30 P.2d 444], was a proceeding to review an award wherein a streetcar conductor was struck by an automobile while he was proceeding to board his car. Prior to the time he was about to board his car he had gone home, with the consent of his employer, to change his shoes during a lay-over period of twenty minutes, for which time he was being paid. The accident happened in the street about ten feet away from the car door. It was there held that had the accident happened "at some appreciable distance from the station there would have been no right of compensation but as the employee" had arrived upon the premises or within an area constituting a part of the premises of his employment and was there for the purpose of immediate resumption of his duties as conductor the finding of the commission that his injury and death arose out of and occurred in the course of his employment must be upheld.

The case of *Globe Indemnity Co.* v. *Industrial Acc. Com.*, 208 Cal. 715 [284 P. 661], is factually similar. There, in discussing the going to work rule, it was held that the protection of the act applied where the employee, a newsboy, was riding on his bicycle to a station to teach another boy a newspaper route and while on his way there collided with the other boy within two or three feet of the station platform where the papers were lying; that since the occurrence took place within the precinct of the station, the award was proper. (Citing *Makins* v. *Industrial Acc. Com.*, 198 Cal. 698 [247 P. 202, 49 A.L.R. 411].)

In *Smith* v. *Industrial Acc. Com., supra,* this court cited *Lynch* v. *City of New York,* 242 N.Y. 115 [151 N.E. 149], and also *McDonald* v. *Richardson County,* 135 Neb. 150 [280 N.W. 456], in which latter case an office employee of the county working in the courthouse was injured while leaving on a driveway from the building to the street. Quoting from that case the court said: "In this case Byrd McDonald was not in the courthouse for her own personal reasons. She was in the building because she was employed there. For that reason she was on the driveway on the grounds. It was necessary as a part of her employment that she come and go across the grounds after leaving the public street. *To urge that she had a right to go upon the premises as a member of the public is, we think,* putting too narrow a construction upon the meaning of the compensation act as to what is or is not within the course of employment. An employee is required to cross the grounds of the premises of employer. An employee leaving the premises of her employer in the usual and customary way after her work is ended is within the course of her employment within the meaning of the workmen's compensation law. Walking to and from the street and a building where one is employed is a necessary incident of the employment, and an injury sustained in so doing is compensable." (See, also, *Freire* v. *Matson Navigation Co.,* 19 Cal.2d 8 [118 P.2d 809]; *Starr Piano Co.* v. *Industrial Acc. Com., supra.*)

It must therefore be held in the instant case, in view of the finding of the commission, that the injury "arose out of and in the course of the employment."

The next question presented is whether or not, in addition to this showing, there must be evidence to sustain the implied finding that, under section 3600 of the Labor Code, subdivisions (b) and (c) thereof, "at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment," and that "the injury is proximately caused by the employment, either with or without negligence."

It is not indispensable to recovery that at the time of the injury an employee must be rendering service to his employer. Acts of the employee for his personal comfort and convenience while at work, such as taking a drink of water, lighting a cigarette, warming himself, etc., do not interrupt the continuity of the employment, and this exception is not limited to acts performed on the employer's premises.

(*Western Pipe etc. Co.* v. *Industrial Acc. Com., supra.*)   See, also, *Di Renzo* v. *Bethlehem Shipbuilding Corp.*, 7 I.A.C. 107, where the employee tripped over the feet of a fellow-employee while going toward the lunch counter located on the premises; *Mulholland* v. *Western Ind. Co.*, 4 I.A.C. 182; *Rieff* v. *City of Sacramento*, 2 I.A.C. 251; 27 Cal.Jur., sec. 73, p. 359.)

Although the above cases have only an indirect bearing on the specific problem involved in this proceeding, they do demonstrate that the "going and coming rule" and the rule that the employee must be rendering service for the employer at the time of injury are not of inevitable application. If it can be properly held, as it was determined in *Pacific Electric Ry. Co.* v. *Industrial Acc. Com., supra,* that crossing a street before boarding a streetcar and being struck by a passing automobile was an injury "proximately caused by the employment," then the injury in the instant case could likewise be held to have been "proximately caused by the employment."

It is not disputed that the employee, immediately prior to the time she left her place of employment, was a bookkeeper and while so acting was performing a service growing out of and incidental to her employment and acting within the course of her employment, and had any such injury as tripping on the hem of her dress then and there occurred it could have been rightfully held that such injury was proximately caused by the employment. It therefore would follow that when she returned to her place of employment for the purpose of immediate resumption of her former duties it may be said, from the evidence here presented, that she again resumed her *former status* of performing service growing out of and incidental to her employment and was acting within the course of her employment, and that her injury was one proximately caused by the employment. Had the employee returned to the premises of the employer for a purpose other than the immediate resumption of her former duties or for a purpose not incidental to or growing out of her employment, or if the injury was not proximately caused by the employment, a different question would here be presented. But such is not the finding of the commission. We find nothing in the later interpretations of this act which would impel a different conclusion. The question was one of fact. Each case must be adjudged by the facts which are peculiarly its own. (*Enterprise Foundry Co.* v. *Industrial*

*Acc. Com.,* 206 Cal. 562 [275 P. 432].) ▇ Where an injury occurs to an employee during his hours of employment on the premises of an employer and the factual situation may give rise to a reasonable inference that the injury arose out of and in the course of the employment, the finding of the commission in this respect will not be disturbed (*Pacific Employers Insurance Co.* v. *Chavez,* 5 Cal.2d 247 [54 P.2d 701].) ▇ It is the duty of this court to indulge in all reasonable inferences to support the commission's findings. (*Hatheway* v. *Industrial Acc. Com.,* 13 Cal.2d 377 [90 P.2d 68].) ▇ Any reasonable doubt as to whether an act is contemplated by the employment and at what particular time or moment an employee resumes his former duties as an employee performing duties for his employer, in view of this state's policy of liberal construction in favor of the employee, should be resolved in favor of the employee. (*Employers' etc. Corp.* v. *Industrial Acc. Com.,* 37 Cal.App.2d 567 [99 P.2d 1089]; *Western Pipe etc. Co.* v. *Industrial Acc. Com., supra.*)

For the foregoing reasons the award is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Petitioner's application for a rehearing was denied April 15, 1943.