[Civ. No. 18827.   Second Dist., Div. Two.   July 17, 1952.]

ALBERT DeMIRJIAN et al., Plaintiffs and Appellants, v. IDEAL HEATING CORPORATION (a Corporation), Defendant and Appellant.

Lane & McGinnis, Irving E. Tarson, McBain & Morgan and Angus C. McBain for Plaintiffs and Appellants.

John W. Preston, John W. Preston, Jr., Bordon & Bordon, and Parker, Stanbury & Reese for Defendant and Appellant.

McCOMB, J.—Plaintiffs instituted an action to recover damages resulting from a fire alleged to have been caused by defendant corporation, acting through its agent, defendant Lupella, in negligently causing a fire which damaged property of plaintiffs. A cross-complaint was filed and after trial before the court without a jury, the trial court found:

(a) "That it is true that on the 12th day of April, 1946, defendant Lupella was employed by defendant Ideal, and that while on the premises of said defendant Ideal at 807 E. Gage Avenue *in the course of his employment,* said Lupella negligently and carelessly caused certain spatter thinner, then being used by him for his own purposes and not for any purpose of defendant Ideal, to ignite and to set fire to said premises; that said Lupella was at said time using said spatter thinner to fill his cigarette lighter and was using it in a portion of the plant of Ideal in which smoking was prohibited by defendant, and that said Lupella while in said plant *in the course of his employment* was not required in the performance of his duties to enter into said portion of said plant, but was not forbidden to enter said portion of said plant, but was forbidden to smoke therein; that the acts of said Lupella in using said spatter thinner for his own purposes was without the knowledge or consent, express or implied, of defendant Ideal, and that said act of Lupella was not connected with the duties which said Lupella was then delegated to perform for defendant Ideal."

(b) "That defendant Ideal did not itself, or through any person acting pursuant to its orders or directions, carelessly or negligently, or at all, cause the fire which resulted in plaintiffs' loss, and was not itself a wrongdoer, . . . "

(c) ". . . that it is true that defendant Anthony V. Lupella was on the 12th day of April, 1946, and at the time of the fire described in said second amended complaint, an employee of defendant Ideal Heating Corporation, hereinafter called Ideal, and was acting *within the course of his employment.*" (Italics added.)

From a judgment in favor of plaintiffs there is (1) an

appeal by defendant Ideal Heating Company, and (2) a cross-appeal by plaintiffs.

### (1) *Defendant's Appeal*

Defendant contends that the findings of the trial court set forth above do not support a judgment against it. This proposition is sound and must be sustained. The following rules are here applicable:

1. It is the duty of an appellate court in reviewing findings of the trial court to read them together and if possible to reconcile the findings to prevent a conflict upon material points. (*Hotaling* v. *Hotaling*, 193 Cal. 368, 385 [14] [224 P. 455, 56 A.L.R. 734]; *Johndrow* v. *Thomas*, 31 Cal.2d 202, 208 [7] [187 P.2d 681].)

2. Unless required by or under the authority of law to employ a particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal. A principal is responsible for no other wrongs committed by his agent than those mentioned above, unless he has authorized or ratified them, even though they are committed while the agent is engaged in his service. (Civ. Code, §§ 2338, 2339.)

Applying the foregoing rules to the findings in the instant case it is to be noted that there is a total absence of any finding that defendant Lupella was acting within the scope of his employment or authority at the time he committed the negligent act which was the proximate cause of the damage suffered by plaintiffs.

The only findings upon this subject are the court's findings that the act which defendant Lupella negligently performed was done "in the course of his employment." In view of other specific findings of fact to the effect that defendant Lupella in filling his cigarette lighter with fluid was not required to do so in the performance of his duty, but did so for his own purposes and without the knowledge or consent, express or implied, of defendant Ideal, and such act of defendant Lupella was not connected with the duties which he was delegated to perform, the finding that it was within the "course of his employment" (which we assume only for the purpose of this appeal to be a finding of fact

and not a conclusion of law),* must under rule 1, in order to make the findings consistent, be construed to mean that the negligent act performed by defendant Lupella was done during the time of his employment, thus making it consistent with the other specific findings of the trial court.

Should the phrase be construed to be synonymous with the finding that defendant Lupella committed the act "within the scope of his employment" there would arise an irreconcilable conflict in the findings of fact.

■ Since an employer is not liable for damages resulting from a fire started by an employee while serving his own pleasure or purpose, which acts have no connection with the duties of his employment and which are not directly or indirectly authorized or ratified (see rule 2, supra; *Yore* v. *Pacific Gas & Elec. Co.*, 99 Cal.App. 81, 85 [3] [277 P. 878]; *cf. Feeney* v. *Standard Oil Co.*, 58 Cal.App. 587, 589 [1]) [209 P. 85], under the findings of fact of the court in the instant case defendant corporation was not liable for the negligent act of its codefendant, and the trial court erred in entering judgment in favor of plaintiff.

### (2) *Plaintiffs' Cross-Appeal*

Because the judgment in favor of plaintiffs is reversed it is unnecessary to consider the questions raised on plaintiffs' appeal relative to rulings of the trial court pertaining to the amount of damages. The judgment in favor of plaintiffs being reversed for the reason that the findings of the trial court do not support any judgment in their favor, it is obvious that it is immaterial as to whether the trial court applied the correct rule of damages in reaching the amount of the erroneous judgment.

Judgment reversed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied August 1, 1952, and plaintiffs and appellants' petition for a hearing by the Supreme Court was denied September 11, 1952. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.

---

*See *National Park Bank* v. *Louisville & N.R. Co.*, 199 Ala. 192 [74 So. 69, 75 [9]]; *Christian Benevolent Burial Ass'n* v. *Thornton*, 241 Ala. 13 [1 So.2d 8, 10 [5]], for cases holding that similar allegations are not one of fact but are mere conclusions.