[Civ. No. 21909.   Second Dist., Div. Three.   Apr. 29, 1957.]

ALBERT DeMIRJIAN et al., Respondents, v. IDEAL HEATING CORPORATION (a Corporation), Appellant.

John W. Preston, John W. Preston, Jr., Bordon & Bordon, and Parker, Stanbury & Reese for Appellant.

Felix H. McGinnis, McBain & Morgan and Irving E. Tarson for Respondents.

WOOD (Parker), J.—Appeal by defendant Ideal Heating Corporation from an order granting plaintiffs' motion for a new trial. The action is to recover damages which resulted from a fire that destroyed part of a building and personal property. The fire was caused by the alleged negligence of defendant Lupella, an employee of defendant Ideal. In a jury trial, judgment was for defendant Ideal. (Lupella did not appear in the action—apparently he was not served with summons and complaint.) The motion for a new trial was granted on the grounds of insufficiency of the evidence, and errors of law.

There have been three trials of the action. The first trial was in 1951, before Judge Nourse without a jury, and judgment was for plaintiffs. That judgment was reversed on the ground that the findings did not support the judgment. (*DeMirjian* v. *Ideal Heating Corp.*, 112 Cal.App.2d 251 [246 P.2d 51].) The second trial was in 1953, before Judge Willis with a jury, and judgment on a directed verdict was for Ideal. That judgment was reversed on the ground that there was sufficient evidence to support a verdict for plaintiffs and that the court erred in directing a verdict for Ideal. (*DeMirjian* v. *Ideal Heating Corp.*, 129 Cal.App.2d 758 [278 P.2d 114].)

On April 12, 1946, plaintiffs owned a one-story double building in Los Angeles. One-half of the building was leased to and occupied by Ideal, which was engaged in manufacturing floor and wall furnaces and heaters. The other half of the building was occupied by plaintiffs, who were engaged in manufacturing lamps. About 2:30 p. m. on that date a fire, which originated in the part of the building occupied by Ideal, resulted in total damages to plaintiffs in the stipulated sum of $122,081.

The facts as to the cause of the fire are stated in detail in *DeMirjian* v. *Ideal Heating Corp.*, 129 Cal.App.2d 758 [278 P.2d 114]. It may be stated generally that the fire was caused under the following circumstances: Lupella, an employee of Ideal, was on his way to the washroom to use its

facilities and to smoke a cigarette. He stopped to fill his cigarette lighter with spatter fluid from a 50-gallon drum which was adjacent to an aisle that was used for access to the washroom. He opened a spigot on the drum until the fluid was dripping. He accidentally pressed the spark button on the lighter and ignited the fluid. He dropped the lighter in a drip pan which was under the spigot, and a blaze started in the pan. The shop foreman told him to shut off the spigot. Lupella's clothes caught fire and the foreman told him to hit the spigot. Lupella hit the spigot with his foot and knocked the spigot off the drum. Then the flow of spatter fluid increased and the fire blazed up to crates which were in the balcony. The crates caught fire and the fire spread beyond control.

Ideal's vice-president testified that the drum, from which Lupella was attempting to fill his cigarette lighter, had been maintained by Ideal as a container for spatter thinner about three years prior to the fire.

Donald J. Lavenbarg, called as a witness by plaintiffs, testified that he is chief of the Fire Department of South Pasadena, and had been a battalion chief of the Fire Department of Los Angeles; that spatter thinner is a "Class 1 flammable liquid"; that at the time of the fire it would have been a violation of Los Angeles City laws to use, on a 50-gallon drum of inflammables inside a building, a spigot of the type used by Ideal; that if a spigot of the type used by Ideal on the drum of thinner were partially opened it would not close automatically when the pressure is taken off but would remain open.

Appellant (Ideal) contends that the court abused its discretion in granting plaintiffs' motion for a new trial.

One argument in behalf of appellant is that the evidence was insufficient to support a judgment for plaintiffs. On the second appeal the court said that the evidence at the second trial (before Judge Willis) was of sufficient substantiality to support a verdict in favor of plaintiffs. The evidence at the third trial (involved here) was substantially the same as the evidence at the second trial, except there was testimony by Fire Chief Lavenbarg at the third trial. (He did not testify at the second trial.) His testimony related to the dangerous quality of the liquid, the nonsafety of the spigot, and city laws regarding the use of a spigot on a drum of inflammables. The evidence herein was sufficient to support a judgment for plaintiffs.

Appellant argues further that on the first appeal (from judgment of Judge Nourse) the court held that the evidence was insufficient to support a judgment for plaintiffs; and that the trial court (at the third trial) in determining the motion for a new trial was bound by the decision on the first appeal as to the sufficiency of the evidence. On the second appeal the court said, at page 764: ''The only question presented and necessary for determination on the former [first] appeal and the only question determined was that the findings of fact of the trial court were deficient in one particular and that therefore they did not support the judgment. It was not held that the evidence did not support the findings. All that was decided was that the findings did not support the judgment.'' The decision on the first appeal did not determine the sufficiency of the evidence.

Appellant also argues that since this court held, on the second appeal, that the questions as to whether Lupella's act was done in the course of his employment and whether Ideal exercised ordinary care in maintaining the thinner were questions for the jury, the trial court on the third trial was bound to follow ''the law of the case'' as announced in that decision and to respect the verdict (in favor of Ideal) upon those questions. On the second appeal the court said, at pages 772-773: '' [A]n inference can reasonably be drawn from the evidence that Lupella's act was done in the course of his employment. Whether such an inference should be drawn was a question for the jury,'' and ''whether defendant [Ideal] exercised ordinary care in maintaining the highly volatile, inflammable, and dangerous thinner in the manner in which it did was a question for the jury.'' The second appeal was by plaintiffs from a judgment for defendant upon a directed verdict, and the question on appeal was whether there was evidence of sufficient substantiality to support a verdict for plaintiffs. The decision on that appeal was that there was sufficient evidence to support a verdict for plaintiffs, and that a motion for a directed verdict (upon the evidence at the second trial) should not have been granted. The expressions in the opinion therein that certain questions were questions ''for the jury'' did not mean that any verdict rendered thereon by a jury would be determinative of those questions, and that on a motion for a new trial the trial judge would not be permitted to consider the sufficiency of the evidence. The decision on the second appeal, with reference to the sufficiency of the evidence upon the motion

544

for a directed verdict, was not applicable as "the law of the case" upon the motion for a new trial, where the judge had the right to consider the credibility of the witnesses and weigh the evidence. ▮ "In passing upon a motion for a new trial based on the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence." (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689] ; *Thompson* v. *Blum's, Inc.*, 139 Cal.App.2d 140 [293 P.2d 82].) ▮ The trial court, in passing upon a motion for a new trial, "may draw inferences opposed to those accepted by the jury." (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 359 [170 P.2d 465].)

Appellant argues further that on the second appeal the court held that there was sufficient evidence to support a judgment for either party; and that the trial court in determining the motion for a new trial was bound by "the law of the case" as announced in that decision with respect to the sufficiency of the evidence. This argument is similar, in legal effect, to the argument just discussed, and the statements made with reference to that argument are applicable here.

▮ "Upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict." (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].) As above stated, the trial judge was authorized to judge the credibility of the witnesses, weigh the evidence, and draw inferences opposed to those drawn by the jury. ▮ "The granting of a motion for a new trial based upon insufficiency of the evidence 'rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears.' " (*Thompson* v. *Blum's, Inc.*, 139 Cal.App.2d 140, 144 [293 P.2d 82].)

The trial judge did not abuse his discretion in granting the motion for a new trial on the ground of insufficiency of the evidence.

Appellant contends further that the issue of negligence as set forth in the first five causes of action of the second amended complaint were adjudicated in the first trial (before Judge Nourse) ; that the decision on the first appeal is the law of the case and estops plaintiffs from further prosecuting

the first five causes of action. When the first trial commenced the amended complaint consisted of five causes of action which were based upon alleged negligence of Ideal. During the course of that trial the second amended complaint was further amended by adding a sixth cause of action which was based upon alleged negligence of Lupella. The sixth cause of action alleged that the negligence of Lupella occurred while he was acting within the course and scope of his employment. Judge Nourse found, in effect, that the corporation (Ideal) was not "itself a wrongdoer" but that Lupella, an employee of Ideal, was negligent and was acting within the course of his employment. Ideal and the plaintiffs herein gave notice that they appealed from the judgment rendered by Judge Nourse. The parties stipulated, on appeal: "That there was substantial and sufficient evidence before the trial court . . . to sustain the trial court's findings that the defendant, Ideal Heating Corporation, was not itself a wrongdoer and plaintiffs, as appellants, do not complain of, and will not challenge, the trial court's findings to that effect." Appellant argues therefrom that plaintiffs herein did not appeal from the judgment of Judge Nourse on the first five causes of action of the second amended complaint, and that the judgment as to those causes of action has become final. On the first appeal the decision of the reviewing court was as follows: "Judgment reversed." On the second appeal, the court said, at page 764: "The effect of the unqualified reversal of the case on [the first] appeal was to remand it for a new trial on all the issues presented by the pleadings."

The findings of Judge Nourse on the first trial were of no effect after the judgment on the first trial was reversed. These contentions regarding res judicata, law of the case, and estoppel are not sustainable.

Appellant contends further that the issue as to its alleged negligence was adjudicated in *DeMirjian* v. *Ideal Heating Corporation* which was filed May 16, 1946. The complaint in that case was entitled "Unlawful Detainer." The action was to recover possession of the property on the ground that the lease under which Ideal held possession was terminated by the fire. Judgment in that case was for Ideal. (See *DeMirjian* v. *Ideal Heating Corp.*, 83 Cal.App.2d 400 [188 P.2d 834].) This contention of appellant was pleaded in its answer herein as a sixth special defense. It might well be

that the trial judge, in granting the motion for a new trial, considered that this issue as to res judicata should be retried.

The order granting the motion for a new trial is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 29, 1957, and appellant's petition for a hearing by the Supreme Court was denied June 26, 1957. McComb, J., was of the opinion that the petition should be granted.