[Civ. No. 7125.   Fourth Dist.   Sept. 12, 1963.]

ORA JEAN McIVOR, Plaintiff and Appellant, v. NORMAN SAVAGE et al., Defendants and Respondents.

Francis J. Gabel and Jean Wunderlich for Plaintiff and Appellant.

Early, Maslach, Foran and Williams, and Kenneth H. Wechsler for Defendants and Respondents.

COUGHLIN, J.—The plaintiff, Ora Jean McIvor, brought this action to recover damages for injuries sustained as a result of a collision between an automobile driven by the defendant Tollefsen, in which she was riding as a "passenger for a consideration" and an automobile driven by the defendant Savage. The plaintiff is the appellant herein, and the defendants are respondents. In her complaint, the plaintiff charged each of the defendants with negligence proximately contributing to the aforesaid collision. The defend-

ants, by their answers, denied the material allegations of the complaint and, as a separate defense, alleged facts in support of their contention that at the time of the subject collision the plaintiff and defendants were coemployees of Beckman Instruments Company; that the injury sustained by the plaintiff was compensable under the workmen's compensation provisions of the Labor Code (Lab. Code, § 3201 et seq.) and that, by virtue of the provisions of section 3601 of that code, the plaintiff's right to recover such compensation was her exclusive remedy in the premises.

Pertinent parts of section 3601 provide: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is . . . the exclusive remedy for injury . . . of an employee against the employer or against any other employee of the employer acting within the scope of his employment, . ." except that the person injured has a right to bring an action against a co-employee where the injury is caused by the willful and unprovoked physical act of aggression of the coemployee, the latter's intoxication, or an act by him which evinces a reckless disregard for the safety of the injured person.

The defendants moved for a summary judgment; contended that there was no triable issue of fact with respect to their special defense; and supported the same by an affidavit of the attorney for one defendant and by a declaration under penalty of perjury of the attorney for the other defendant in which each of them stated that all of the facts set forth therein were within his personal knowledge, and if called as a witness he would testify thereto under oath. From the affidavit and declaration aforesaid it may be concluded that there is no triable issue as to the following facts: that the accident in question occurred on the parking lot of Beckman Instruments Company; that the plaintiff and defendants then were employees of that company; that all of them were leaving work but had not left the parking area, which was under the control of their employer; that the plaintiff was in an automobile driven by the defendant Tollefsen who then "had an accident" with the defendant Savage; that at the time her deposition was taken the plaintiff testified that she had been paid workmen's compensation benefits as the result of the injuries sustained by her in the accident; and that in this deposition she had not testified that her injuries were caused by the willful and unprovoked act of the defendants, by their intoxication, or by any act on their part evincing a reckless disregard for her safety.

The court granted the defendants' motions and entered a judgment of dismissal from which the plaintiff has appealed and contends: (1) That the evidence set forth in the defendants' affidavit and declaration does not establish their special defense because it does not show that at the time of the accident they were acting within the scope of their employment; (2) that this affidavit and declaration together with the plaintiff's counteraffidavit established the existence of a triable issue of fact on the question whether, at the time of the subject accident, the defendants were acting in the scope of their employment; (3) and that section 3601 as interpreted and applied by the trial court is unconstitutional.

A defendant's motion for summary judgment should be granted where it is supported by an affidavit establishing a complete defense to the action, and the plaintiff's affidavit in reply does not show a triable issue of fact with respect to that defense. (*Security First Nat. Bank* v. *Ross*, 214 Cal.App. 2d 424, 432 [29 Cal.Rptr. 538]; *Keylon* v. *Kelly*, 188 Cal.App. 2d 490, 493 [10 Cal.Rptr. 549].) On the other hand, if the affidavit in support of the defendant's motion does not state facts establishing every element of his defense, the motion must be denied. (*Hardy* v. *Hardy*, 23 Cal.2d 244, 245 [143 P.2d 701]; *Murphy* v. *Kelly*, 137 Cal.App.2d 21, 31 [289 P.2d 565].)

Initially it should be observed that the defendants' affidavit and declaration were wholly inadequate to establish that the plaintiff's action was not within the exceptions noted within section 3601, *viz.*, an action for injuries caused by a coemployee's willful and unprovoked physical act of aggression, his intoxication, or his reckless disregard for the safety of the injured employee. The fact that the plaintiff, in her deposition, did not testify to facts which would bring her case within the noted exceptions does not establish their nonexistence.

However, the issues on appeal present questions which should be determined by this court preliminary to a further consideration of the defendants' motions or a trial of the case.

The plaintiff's counteraffidavit stated, in substance, that she and the defendants, as employees of Beckman Instruments Company, went off duty at 3:30 p.m.; that all three of them then walked to the company's parking lot; that the two defendants boarded their respective automobiles, that she entered the automobile of the defendant Tollefsen, to be

driven home; that the defendant Savage was driving his automobile from the parking lot at the time of the accident; and that neither she nor the defendants were acting within the "course or scope" of their respective employments when the accident occurred.

The issue on appeal is whether the affidavits and declaration at hand present a triable issue of fact on the question whether the defendants, at the time of the subject accident, were acting within the scope of their employment by the Beckman Instruments Company.

The statement in the plaintiff's affidavit that the parties were not acting in the "course or scope" of their employment "is no more than a mere conclusion of law, an expression of her personal opinion to which she could not competently testify" (*Murphy* v. *Kelly, supra,* 137 Cal.App. 2d 21, 28), and is not sufficient to raise a triable issue of fact.

The defendants contend that the uncontradicted evidence before the trial court established as a matter of law that, at the time of the accident, they were acting in the course of their employment; that the phrase "scope of his employment" as used in section 3601 is synonymous with the phrase "course of the employment" as used in section 3600 of the Labor Code, which prescribes the conditions precedent to recovery of workmen's compensation; and that their motions for summary judgment properly were granted.

The plaintiff counters with the contention that the phrase "scope of his employment" embraces a more restricted area than the phrase "course of the employment"; that the affidavits and declaration before the trial court established the existence of a triable issue of fact on the question whether the defendants were acting within the scope of their employment when the accident occurred; and that the order granting their motions was error.

Section 3600 of the Labor Code provides, in substance, for the recovery of compensation by an employee from his employer for an injury "arising out of and in the course of the employment." As used therein, the phrase "course of the employment" relates to the factors of time and place contemplated by the employment. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 38 Cal.2d 659, 661 [242 P.2d 311]; *Scott* v. *Pacific Coast Borax Co.,* 140 Cal.App.2d 173, 178 [249 P.2d 1039]; *DeMirjian* v. *Ideal Heating Corp.,* 112 Cal.App.2d 251, 253-254 [246 P.2d 51].) It now is the settled rule that an injury may be received in the course

of employment although it occurs after the employee shall have left the actual point where he has been working, and after he actually ceases to render services. (*Smith* v. *Industrial Acc. Com.,* 18 Cal.2d 843, 847 [118 P.2d 6].) Thus, an injury sustained by an employee while leaving his place of work via a parking lot controlled by his employer, providing he does not tarry unreasonably, occurs in the course of his employment. (*California. Cas. Indem. Exch.* v. *Industrial Acc. Com.,* 21 Cal.2d 751, 757 [135 P.2d 158]; *Smith* v. *Industrial Acc. Com., supra,* 18 Cal.2d 843, 847; *Peterson* v. *Moran,* 111 Cal.App.2d 766, 768 [245 P.2d 540]; *Pacific Elec. Ry. Co.* v. *Industrial Acc. Com.,* 137 Cal. App. 245, 248 [30 P.2d 444].) This conclusion is based on the assumption that where the employee is permitted to use the employer's premises in going to and from his work "the employment may begin in point of time before the work is entered upon and in point of space before the place where the work to be done is reached" and ends in point of time and space under converse conditions. (*Bountiful Brick Co.* v. *Giles,* 276 U.S. 154 [48 S.Ct. 221, 222, 72 L.Ed. 507, 66 A.L.R. 1402].) ▋ However, to be compensable under section 3600 an injury not only must occur in the course of employment, but it also must arise out of the employment. (*State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 38 Cal.2d 659, 661.) To satisfy the latter requirement, there must be a causal relationship between the injury and employment. (*State Comp. Ins. Fund* v. *Industrial Acc. Com., supra,* 38 Cal.2d 659, 661; *Scott* v. *Pacific Coast Borax Co., supra,* 140 Cal.App.2d 173, 178; *Elk Grove etc. Dist.* v. *Industrial Acc. Com.,* 34 Cal.App. 589, 593-594 [168 P. 392].) Nevertheless, evidence that an injury sustained by an employee while on premises under the control of his employer, such as a parking lot, although going to or coming from work, providing he does not unreasonably delay his entry or departure, is sufficient to support a finding that the injury in question not only occurred in the course of, but also arose out of the employment. (*California Cas. Indem. Exch.* v. *Industrial Acc. Com., supra,* 21 Cal.2d 751, 757; *Smith* v. *Industrial Acc. Com., supra,* 18 Cal.2d 843, 847.)

▋ *The phrase* "scope of his employment" is used in section 3601 to designate the sphere of activity encompassed within the provisions thereof which make the right to recover workmen's compensation the exclusive remedy available to an injured employee for a compensable injury caused by the

negligence of a coemployee; identifies the nature of the act of the coemployee causing the injury and not the nature of the injury sustained as a result of that act; and must be interpreted accordingly.

Ordinarily the phrase "scope of his employment" is used to define the activity sphere of an employee whose conduct is authorized, or is an incident to conduct authorized (see Rest., Agency, § 229); is related to an application of the doctrine of *respondeat superior*; designates an area of employee conduct for which the employer is responsible; defies precise definition because it is a composite of many factors the significance of which vary with different circumstances (*Loper* v. *Morrison*, 23 Cal.2d 600, 605-606 [145 P.2d 1]; *Barty* v. *Collins*, 109 Cal.App. 94, 96 [292 P. 979]); is not synonymous with the phrase "course of the employment" as used in the workmen's compensation statute because it includes factors of limitation other than those of time and place of employment (see *DeMirjian* v. *Ideal Heating Corp.*, *supra*, 112 Cal.App.2d 251, 253-254; *Porter* v. *South Penn. Oil Co.*, 125 W.Va. 361 [24 S.E.2d 330]); and engrosses a more limited field than that included within the phrase "arising out of and in the course of his employment" as used in the Workmen's Compensation Act. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 286, 293 [158 P.2d 9, 159 A.L.R. 313].)

A determination of the issue as to whether an employee was acting within the scope of his employment involves a consideration of many factors including, among others, whether his conduct was authorized by his employer, either expressly or impliedly (*Curcic* v. *Nelson Display Co.*, 19 Cal.App.2d 46, 53 [64 P.2d 1153]); the nature of the employment, its object and the duties imposed thereby; whether the employee was acting in the discharge thereof (*Hiroshima* v. *Pacific Gas & Elec. Co.*, 18 Cal.App.2d 24, 25 [63 P.2d 340]); whether his conduct occurred during the performance of services for the benefit of the employer, either directly or indirectly, or of himself, or of another person (*Fields* v. *Sanders*, 29 Cal.2d 834, 838-839 [180 P.2d 684, 172 A.L.R. 525]; *Kish* v. *California State Automobile Assn.*, 190 Cal. 246, 249 [212 P. 27]); whether his conduct, even though not expressly or impliedly authorized, was an incidental event connected with his assigned work (*Carr* v. *Wm. C. Crowell Co.*, 28 Cal.2d 652, 654 [171 P.2d 5]; *Tyson* v. *Romey*, 88 Cal.App.2d 752, 755 [199 P.2d 721]); and many other things besides the time and place of performance of his

duties as an employee. (See 32 Cal.Jur.2d, pp. 553-567.)

 Ordinarily the person going to or coming from work is not acting within the scope of his employment. (*Robinson* v. *George*, 16 Cal.2d 238, 244 [105 P.2d 914].) However, an application of this general rule necessarily requires a precedent determination as to when and where his work begins or ends, and involves a consideration of the many factors heretofore considered. (*Richards* v. *Metropolitan Life Ins. Co.*, 19 Cal.2d 236, 241 [120 P.2d 650]; *Tyson* v. *Romey, supra*, 88 Cal.App.2d 752, 755.)

 The phrase "scope of his employment" is not used in section 3601 to characterize the injury sustained by an employee but rather to characterize the act which was the cause of such injury. On the other hand, the phrase "arising out of and in the course of the employment" is used in section 3600 to designate the type of injury for which compensation is paid. Thus, different code sections describe different events by different language.

 No reason exists for concluding that the Legislature, when using the phrase "scope of his employment" in section 3601, intended to attribute to it the meaning carried by the phrases "course of the employment" or "arising out of and in the course of the employment" as used in section 3600.

The defendants' contention to the contrary is based in a large measure upon the fact that the courts have used interchangeably the phrases "course of the employment," "arising out of and in the course of the employment" and "scope of his employment." (See *Industrial Indem. Exch.* v. *Industrial Acc. Com.*, 86 Cal.App.2d 202, 203 [194 P.2d 552]; *Auto Lite etc. Corp.* v. *Industrial Acc. Com.*, 77 Cal. App.2d 629, 631 [176 P.2d 62].) However, where the occasion required it, the courts also have noted a legal distinction between these terms. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com., supra*, 26 Cal.2d 286, 293; *DeMirjian* v. *Ideal Heating Corp., supra*, 112 Cal.App.2d 251, 253-254.) The meaning attributable to language used by a court in its opinion must be related to the subject matter under consideration. No significance can be attached to the interchangeable use of the aforesaid phrases as identifying references to a particular event.

In *Adams* v. *American President Lines*, 23 Cal.2d 681, 685 [146 P.2d 1], the court determined that conduct resulting in injury that would have been classified as arising out of and in the course of employment under the California

Workmen's Compensation Statute, constituted conduct within the "scope of his employment" as that phrase was used in the Federal Employee's Liability Act to impose upon an employer the obligation to compensate an employee for an injury resulting from the negligent conduct of a coemployee acting in the scope of the latter's employment. However, the reference by the court in the cited case to decisions involving an application of the California Workmen's Compensation Statute under analogous situations, as a basis for concluding that the acts of the negligent employee in that case occurred within the scope of his employment with resultant compensable injury, does not justify the conclusion that the Legislature intended to ascribe to the phrase "scope of his employment" as used in section 3601, the meaning which the courts have ascribed to the phrase "arising out of and in the course of the employment" in determining the propriety of an award for compensation to an injured employee.

In the instant case, it is readily apparent that the affidavit and declaration which the defendants filed in support of their motions, when reviewed in the light of the many factors that must be considered in determining the scope of employment issue, did not allege facts from which it may be concluded as a matter of law that they were not acting within the scope of their employment at the time the plaintiff was injured. The averments in these two documents establish only the occurrence of an accident while the defendants were leaving their employer's parking lot on their way home from work. As heretofore noted, this is only one of the factors to be considered in determining whether they then were acting within the scope of their employment, as that term is used in section 3601. Furthermore, when the plaintiff alleged in her counteraffidavit that the duties of each defendant as an employee of the Beckman Instruments Company terminated at a time prior to the accident, a triable issue of fact was indicated.

The issues on this appeal do not admit of a determination whether unaverred facts supposedly attendant upon the instant accident might or might not establish that the defendants, in doing those things which resulted in injury to the plaintiff, were or were not acting within the scope of their employment. We make no decision with respect thereto. Nevertheless, probable facts disclosed by the pleadings, statements by the parties in their briefs, and the affidavits and declaration filed in connection with the subject motions, indicate a complex situation requiring a determination of the

scope-of-employment issue as a matter of fact rather than of law, e.g., (1) whether the defendant Tollefsen, at the time of the accident, was the servant of the plaintiff rather than the employee of Beckman Instruments Company, (2) whether he then was engaged in the discharge of duties imposed by virtue of the plaintiff's status as a passenger in his automobile, rather than in the performance of an act which was an incident to his employment by their common employer; (3) whether the plaintiff's injuries were caused by the defendants' use of the employer's parking lot and whether such use was an incident of their employment; (4) whether in carrying the plaintiff as a passenger in his automobile, the defendant Tollefsen deviated from a performance of those duties which authorized his use of the parking lot in conjunction therewith (see *Cain* v. *Marquez*, 31 Cal.App.2d 430 [88 P.2d 200]);   (5) whether the facts would support a conclusion that, in leaving the parking lot, the defendants were engaged in acts of such a nature that the negligent performance thereof by one of them, resulting in damage to the automobile of the other, would render the employer liable therefor; and   (6) whether the circumstances were such as would justify the conclusion that the plaintiff, if she were not an employee, might recover damages from the Beckman Instruments Company for the injuries sustained as a result of the alleged negligence of the defendants. The foregoing examples are noted as an indication that the scope-of-employment question in this case per se presents a triable issue of fact. (Generally see: *Tyson* v. *Romey*, supra, 88 Cal.App.2d 752, 755; *Hiroshima* v. *Pacific Gas & Elec. Co.*, supra, 18 Cal.App.2d 24, 29; *Barty* v. *Collins*, 109 Cal.App. 94, 96 [292 P. 979]; *Dillon* v. *Prudential Ins. Co. of America*, 75 Cal. App. 266, 271 [242 P. 736].)

Our conclusion is that section 3601 does not foreclose an action by an employee against a coemployee for injuries sustained by the former as a result of the negligent conduct of the latter merely because the injuries sustained were compensable under the Workmen's Compensation Statute; the fact that such an injury arose out of and in the course of employment does not establish per se that the coemployee who inflicted that injury was acting within the scope of his employment; the phrase ''scope of his employment'' as used in that section to describe the nature of the act of the coemployee whose conduct caused such injury is not synonymous with the phrase ''arising out of and in the course of

the employment'' as used in section 3600 to describe a compensable injury; the defendants have not alleged uncontradicted facts establishing as a matter of law that they were acting within the scope of their employment in driving their automobiles off of their employer's parking lot at the time, for the purpose, and under the circumstances attendant upon the subject accident; that a triable issue of fact exists; and that the order of the court granting the motions for summary judgment was error.

The plaintiff also contends that section 3601, as interpreted by the trial court, is unconstitutional. Our conclusion in the premises renders a consideration of this contention unnecessary.

The judgment is reversed.

Griffin, P. J., and Stone, J., concurred.