[S. F. No. 21964.   In Bank.   July 1, 1965.]

ESTHER SAALA, Plaintiff and Appellant, v. MAURINE McFARLAND, Defendant and Respondent.

---

Howell, Elson & Grogan and Edward R. Grogan for Plaintiff and Appellant.

Douglas B. McDonald and James E. Donahue for Defendant and Respondent.

PEEK, J.—Plaintiff Esther Saala appeals from a summary judgment in favor of respondent Maurine McFarland in an action to recover for personal injuries sustained when struck by defendant's automobile on a parking lot maintained by the parties' common employer. Even though plaintiff properly received workmen's compensation benefits since her injury was one ''arising out of and in the course of the employment''

(Lab. Code, § 3600), summary judgment must be reversed because the trial court erred in concluding that the provisions of section 3601 of that code barred any recovery from defendant coemployee in the present civil action for negligence.

The undisputed facts show that the employer maintained a parking lot for the convenience of its personnel. At the end of their shift and while plaintiff was walking on the parking lot, she was struck by defendant's automobile as defendant was preparing to drive away from the plant. Plaintiff was awarded workmen's compensation benefits under the established rule that "Injuries sustained by an employee while going to or from his place of work on premises owned and controlled by his employer are generally deemed to have arisen out of and in the course of the employment." (*California Cas. Ind. Exch.* v. *Industrial Acc. Com.*, 21 Cal.2d 751, 757 [135 P.2d 158].)

Section 3600 (all statutory references are to the Labor Code) states in relevant part that "Liability for the compensation provided by this division, *in lieu of any other liability whatsoever to any person* . . . shall, without regard to negligence, exist against an employer for any injury sustained by his employees *arising out of and in the course of the employment.* . . ." (Italics added throughout.) It is then provided in section 3601, as amended in 1959 (Stats. 1959, ch. 1189, p. 3275), that "(a) Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer *or against any other employee of the employer acting within the scope of his employment.* . . ."[1] Section 3852 then specifies that "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death *against any person other than the employer.*"

We must determine whether plaintiff's action for negligence can proceed against defendant on the assumption that defendant is within the class of "any person other than the employer" as provided in section 3852, or whether the action is barred by the provision of section 3601 that workmen's compensation is the exclusive remedy "against any other employee of the employer acting within the scope of his employment."

[1] Under section 3601 employees remain liable to coemployees for injuries caused by conduct such as unprovoked physical aggression, reckless disregard for safety, or "calculated and conscious willingness to permit injury." There is no issue herein as to any liability of defendant under the latter exceptions in section 3601.

Clearly, since section 3601 specifically refers to "any other employee of the employer," any immunity granted therein must prevail over the more general third party liability retained by section 3852.

Defendant argues that the employee's immunity from suit for all acts "within the scope of his employment" is of identical extent with the employer's immunity from civil suit for injuries by an employee "arising out of and in the course of the employment." Plaintiff, on the other hand, contends that by use of the term "scope of employment" the Legislature intended to confer upon an employee immunity from suit by coemployees only as to situations where the employee perpetrating the injury acts in the scope of employment in the *respondeat superior* sense of that term. Essentially, the issue is whether "acting within the scope of his employment" in section 3601 has the same meaning as "arising out of and in the course of the employment" in section 3600.

Prior to 1959 when section 3601 was amended, there was no doubt that the common law right of an employee to sue a coemployee for injuries negligently inflicted while on the job (7 Labatt, Master & Servant (2d ed. 1919) pp. 8006-8007), was preserved in this jurisdiction by section 3852. *Baugh* v. *Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043], held that "Our workmen's compensation laws were not designed to relieve one other than the employer from any liability imposed by statute or common law." (Accord *Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 625 [311 P.2d 1].) At that time and until 1959, section 3601 merely stated: "Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy against the *employer* for the injury or death." (Stats. 1937, ch. 90, p. 269.)

In *Singleton* v. *Bonnesen* (1955) 131 Cal.App.2d 327 [280 P.2d 481], the surviving heirs of an employee killed while riding in his employer's vehicle driven by a coemployee brought an action against the allegedly negligent coemployee and the common employer. Plaintiffs alleged that the deceased and the driver "were both acting within the scope of their employment." Demurrer was sustained as to both defendants, on the ground that plaintiffs' exclusive remedy was workmen's compensation. In reversing the judgment as to the allegedly negligent coemployee the court stated: "... we know of no rule prohibiting a suit by one [coemployee] against the other for damages on account of negligence, even though their

common employer may be protected from such a suit by provisions of the Workmen's Compensation Act.'' The court then expressly construed section 3852, holding the allegedly negligent coemployee to be a '' 'person other than' '' the employer within the latter section (131 Cal.App.2d at p. 329).

Also relevant to the background of judicial decisions against which the Legislature acted is *Towt* v. *Pope* (March 1959) 168 Cal.App.2d 520 [336 P.2d 276], a suit against an officer of plaintiff-employee's corporate employer for damages sustained by plaintiff as the result of the defendant officer's allegedly negligent failure to perform certain asserted duties concerning plant safety. Plaintiff collected workmen's compensation benefits prior to prosecution of the civil action. Judgment of nonsuit was affirmed, but there is some basis in that opinion for concluding that such a supervisory officer, who in a technical sense is also a coemployee, could be liable to the employee (see 168 Cal.App.2d at p. 527 et seq.). Such liability could be passed on to the employer's general insurance carrier, a result directly contrary to sections 3600 and 3601. (See also *Pleasant Valley Lima Bean etc. Assn.* v. *Cal-Farm Ins. Co.* (1956) 142 Cal.App.2d 126, 133-134 [298 P.2d 109].)[2]

▉ Having considered the foregoing background of judicial decisions, we cannot agree with defendant's contention that the Legislature intended to exempt from the common law liability retained in section 3852 all employee actions causing harm to coemployees to the identical extent that the common employer is exempted from civil liability because of its provision for workmen's compensation. The *Singleton* case involved a coemployee who while acting in the *scope of his employment* harmed the employee-plaintiff. The asserted liability in *Towt, supra,* also was for acts of a coemployee allegedly causing harm to the employee while both were acting in the scope of their employment. ▉ The presumption that an overall change is intended where a statute is amended following a judicial decision (45 Cal.Jur.2d 614) is given its full effect if section 3601 as amended is construed to change the law stated in those cases and exempt from civil liability only a coemployee's actions within the scope of employment, rather than those ''arising out of and in the course of the employment.''[3] In addition we are particularly aware that *Singleton*

---

[2]For an example of a situation where the liability insurance carrier protected itself from such suits by a special policy exclusion, see *Rollo* v. *California State Automobile Assn.*, 159 Cal.App.2d 172 [323 P.2d 531].

[3]It is true that on occasion the phrase ''scope of employment'' has been used interchangeably with ''arising out of and in the course of the

expressly construed section 3852, and that section providing for third party liability was left unchanged by the Legislature.

In distinguishing between the latter two phrases descriptive of employee actions, we note that ''Conduct is within the scope of employment only if the servant is actuated to some extent by an intent to serve his master.'' (Rest.2d Agency, § 235, com. a; accord *Dolinar* v. *Pedone*, 63 Cal.App.2d 169, 175 [3] [146 P.2d 237]; see *Meyer* v. *Blackman*, 59 Cal.2d 668, 676 [5] [31 Cal.Rptr. 36, 381 P.2d 916].) Defendant has not attempted to establish that she was still serving her employer when she was in the act of removing her automobile from the parking lot after completing her work shift. As the record now stands it appears that parking in the lot was, instead, a benefit to defendant provided by the employer as an incident of compensation. It is established that injuries received while enjoying the benefits furnished by the employer arise out of the course of the employment (*Reinert* v. *Industrial Acc. Com.*, 46 Cal.2d 349, 354-355 [294 P.2d 713]), so that if defendant had been injured in the present accident she could have collected workmen's compensation. ■ The express judicial acknowledgment that an injury received while enjoying an incident of employment solely for the benefit of the employee is one arising out of and in the course of employment is a further indication that if the Legislature had intended to immunize employees from suit for their actions in such situations it would not have used in section 3601 the more restricted language ''scope of employment.'' A similar conclusion was reached in *McIvor* v. *Savage*, 220 Cal.App.2d 128 [33 Cal. Rptr. 740].

Also, a referee of the Industrial Accident Commission stated in a parking lot case identical on its basic facts to the situation at bar, in accordance with the position advanced in that case by the commission, that the negligent coemployee should be

employment.'' (See, e.g., *San Francisco & Sacramento Railway Co.* v. *Industrial Acc. Com.*, 201 Cal. 597, 599-600 [258 P. 86].) However, this court recognized in a leading case involving workmen's compensation coverage, *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 286, 293 [158 P.2d 9, 159 A.L.R. 313], that scope of employment defines a more restricted area of employee conduct than the customary phrase ''arising out of and in the course of the employment.'' We stated: ''Although this court has not gone so far as to hold that every injury to an employee attending to his duties and within the course of his employment is compensable, it has, in many cases, upheld the allowance of compensation for injuries arising out of acts *not strictly within the scope of the employment*: returning from lunch [citation]; drinking wine because of indisposition [citation]; smoking [citation]. . . .'' (See also *DeMirjian* v. *Ideal Heating Corp.*, 112 Cal.App.2d 251 [246 P.2d 51].)

liable to the injured employee since the coemployee was not engaged in any active service for the employer and hence was not acting in the scope of his employment. The referee reasoned: ''[T]he purpose of section 3601 is to make workmen's compensation the exclusive remedy of an injured workman against his employer. That purpose would be defeated if a right of action existed against a fellow employee acting in the scope of his employment in such a way that the fellow employee's negligence could be imputed to the employer. For that reason workmen's compensation was also made the exclusive remedy against a fellow workman 'acting within the scope of his employment.' The words 'acting within the scope of his employment' should be construed in the light of the purpose of the section, so as not to extend the immunity beyond *respondeat superior* situations.'' (*Motal* v. *Industrial Acc. Com.* (Oct. 1964) 29 Cal.Comp.Cases 224.)[4]

■ Respondent's arguments are to the effect that the coemployee's right of action preserved by section 3852 has been totally repealed by implication from the language of section 3601. Such repeals are not favored, particularly in the absence of a more clear-cut mandate than the language of section 3601.[5] ■ '' 'Statutes are not presumed to alter the common law otherwise than the act expressly provides.' '' (*Gray* v. *Sutherland,* 124 Cal.App.2d 280, 290 [268 P.2d 754].)

Judgment for defendant is reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

---

[4]Respondent has cited several commentators who state in effect that amended section 3601 abolished an employee's civil action against a coemployee, except for situations involving wilfulness, intoxication, or other such conduct. (See 2 Witkin, Summary of Cal. Law (1960), p. 1671; 37 State Bar J. 743, 745; 34 State Bar J. 707; Cont. Ed. Bar, Workmen's Comp. Practice, § 19.6.) But none of the latter authorities expressly considered the issue before us prior to making the statements relied upon. Nor was the present issue considered in *Lowman* v. *Stafford*, 226 Cal. App.2d 31, 38-39 [37 Cal.Rptr. 681]. Numerous out-of-state statutes and cases also are cited (see, e.g., cases cited in 2 Larson, Workmen's Comp. Law, § 72.20, and 1964 Supplement, p. 173), but the statutory provisions in the many jurisdictions are too varied to be presently helpful.

[5]We also note that the precise meaning of the phrase ''arising out of the course of employment'' has been litigated so frequently as to have been the subject of a law review comment published but a few years before the 1959 amendment to section 3601. (Bianchi, *Workmen's Compensation: Meaning of the Phrase ''Arising out of Employment'' as used in the California Labor Code* (1956) 8 Hast.L.J. 49.) In light of the extensive definition of that term it would appear that the Legislature would have employed ''arising out of the course of employment'' in section 3601 if its intent was that argued by respondent.