[Civ. No. 24950.    First Dist., Div. Three.    Nov. 8, 1968.]

CALLIOPE ALEXANDRIDES VELLIS, Plaintiff and Appellant, v. EARL DAVID ALBERTSON et al., Defendants and Respondents.

Heisler & Stewart and Herbert A. Schwartz for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and W. R. Rosecrans for Defendants and Respondents.

BROWN (H. C.), J.—This is an appeal from the judgment of dismissal following the granting of defendants' motion for summary judgment.

Plaintiff on this appeal claims that the trial court erred in ruling that under the facts the proceedings provided by the

Workmen's Compensation Act were the sole remedy available to employee injured by a fellow employee.

Decedent died from injuries received when he fell from and under a tractor driven by his fellow employee, Earl David Albertson, Jr., and owned by his employer, Earl David Albertson. Plaintiff-appellant subsequently filed this action for damages for the wrongful death of her son against both Albertsons and concurrently filed a death claim before the Industrial Accident Commission. The latter claim was heard before a referee who made findings and award in favor of plaintiff on February 28, 1967.

In plaintiff's action for damages the charging allegations of the complaint alleged in part as follows: "That on the 8th day of August, 1966, said EARL DAVID ALBERTSON, JR., *in accordance with the permission and authorization of the other Defendants,* so negligently, recklessly and carelessly operated the said farm tractor over the road of said farm on which tractor and the balance weight thereof said deceased was transported; that the said deceased fell and said tractor went over him crushing his body, causing his subsequent death. (Italics added.)

"As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants and each and all of them, Plaintiff has been deprived of the care, comfort, companionship, society, support . . . of decedent. . . ."

Defendants' answer denies negligence and alleged the affirmative defenses of contributory negligence, assumption of risk and that plaintiff had exhausted her remedies by the proceedings before the Industrial Accident Commission.

Defendants filed a motion for a summary judgment and filed in support of that motion a declaration which related the facts and evidence presented at the Industrial Accident Commission hearing. Plaintiff also filed a declaration but in opposition to the motion for summary judgment. This declaration was also limited to the Industrial Accident Commission referee's summary of the evidence.

The trial court granted defendants' motion for summary judgment.

Plaintiff contends that it was error to grant defendants' motion for summary judgment as the complaint and declaration in opposition to the motion raised triable issues of fact, i.e., (1) that the defendant coemployee's action evidenced a reckless disregard for the safety of the deceased and, therefore, plaintiff's action came within the exception set forth in Labor Code section 3601, subdivision (a)(3); and

(2) that defendant was not acting within the scope of his employment when the accident occurred and that under Labor Code section 3852 the action for damages against the co-employee could be maintained.

The law to be applied in summary judgment is well settled. The court in *Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785], said: "The matter to be determined by the trial court in considering such a motion is whether the defendant (or the plaintiff) has presented any facts which give rise to a triable issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits [or evidence obtained by discovery proceedings] in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. [Citations.]" (See also *Wilson* v. *Bittick,* 63 Cal.2d 30, 34-35 [45 Cal.Rptr. 31, 403 P.2d 159].)

Labor Code section 3601 embodies the legislative intent to make workmen's compensation the exclusive remedy for injury or death of an employee against his employer or fellow employee. Section 3601 provides in part: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, *except* that an employee, or his dependents in the event of his death, *shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases*:

"(1) When the injury or death is proximately caused by

the willful and unprovoked physical act of aggression of such other employee.

"(2) When the injury or death is proximately caused by the intoxication of such other employee.

"(3) *When the injury or death is proximately caused by an act of such other employee which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee.*" (Italics added.) It is not contended that defendant's liability comes within the exceptions of section 3601, subdivision (a)(1) and (2) of the Labor Code as there was no evidence of willful intent to injure or that defendant driver was intoxicated.

Plaintiff's charging allegations in her complaint also fail to state a cause of action under subdivision (3) of section 3601, subdivision (a) of the Labor Code. The words "so negligently, recklessly and carelessly" drove the tractor so as to cause decedent's death are insufficient to characterize the defendant's action as "reckless disregard for the safety of the employee injured" or "a calculated and conscious willingness to permit injury or death to such employee." (Lab. Code, § 3601, subd. (a)(3).)

Plaintiff's declaration in opposition to the motion for summary judgment likewise fails to allege any facts which would tend to create an issue under Labor Code section 3601, subd. (a)(3). This declaration consisted of a statement of the evidence produced at the Industrial Accident Commission hearing and was summarized by the referee. The pertinent parts of that summary are as follows: "EARL DAVID ALBERTSON, JR. was called by the applicant, sworn and testified substantially as follows: He is seventeen. On August 8, 1966, he was working on his father's farm driving a Ford 2,000 industrial tractor with a back-up forklift and a counterbalance on the front. At the time of the accident at around 5 p.m. he was driving the tractor at from five to ten miles per hour. He had met the decedent on his father's fields where decedent had been picking apricots and witness was hauling boxes in and out of the field with the tractor forklift. The counterbalance function is to balance the heavy loads on the forks. The counterbalance is flat, square, and 30 inches wide. Shortly before the accident the decedent *asked for a ride in the field just before the 5:00 p.m. quitting time.* [Italics ours.] The tractor was stopped as he was loading. It was one-quarter of a mile from the highway and decedent asked for a ride to the corner

of the property one-tenth of a mile away. At first witness said no because he had to work late that night so he could go to the fair the next day. The decedent hopped on the counterbalance. There was nothing witness could do and he was going past the point where the decedent wanted to go anyway. He then drove the tractor to the unloading point at the corral and started toward the property line where decedent would get off and walk to get his ride home. When they stopped at the corral for the 30 seconds to unload he did not tell the decedent to get off. The accident occurred 200 feet from the property line on a dirt road between two of his father's fields. Decedent was seated on the counterbalance to the front with his lunch pail on his left. He thinks the decedent dropped his lunch pail and was reaching for it when he fell to his left front and was run over by both wheels of the tractor. . . ." After the accident Albertson, Jr., drove the tractor to his father's office where an ambulance was called.

The referee found that "Anthony George Vellis died . . . as a proximate result of injury arising out of and occurring in the course of his employment on the same day . . . while employed by Earl David Albertson . . ."

Plaintiff, however, contends that Albertson, Jr., was acting outside the scope of his employment at the time of the accident and his liability for the injury falls within the provisions of section 3852 of the Labor Code which provides in part: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. . . ." Plaintiff argues that *McIvor* v. *Savage*, 220 Cal.App.2d 128 [33 Cal.Rptr. 740] and *Saala* v: *McFarland*, 63 Cal.2d 124 [45 Cal.Rptr. 144, 403 P.2d 400], support her contention.

The court in *McIvor* v. *Savage, supra,* 220 Cal.App.2d 128, 135-136, stated: "The phrase 'scope of his employment' is used in section 3601 to designate the sphere of activity encompassed within the provisions thereof which make the right to recover workmen's compensation the exclusive remedy available to an injured employee for a compensable injury caused by the negligence of a coemployee; identifies the nature of the act of the coemployee causing the injury and not the nature of the injury sustained as a result of that act; and must be interpreted accordingly." The court in *McIvor* then described factors which must be considered in determining whether an employee was acting within the scope of his

employment and stated: ''A determination of the issue as to whether an employee was acting within the scope of his employment involves a consideration of many factors including, among others, whether his conduct was authorized by his employer, either expressly or impliedly (*Curcic* v. *Nelson Display Co.*, 19 Cal.App.2d 46, 53 [64 P.2d 1153]); the nature of the employment, its object and the duties imposed thereby; whether the employee was acting in the discharge thereof (*Hiroshima* v. *Pacific Gas & Elec. Co.*, 18 Cal.App.2d 24, 25 [63 P.2d 340]); whether his conduct occurred during the performance of services for the benefit of the employer, either directly or indirectly, or of himself, or of another person (*Fields* v. *Sanders,* 29 Cal.2d 834, 838-839 [180 P.2d 684, 172 A.L.R. 525]; *Kish* v. *California State Automobile Assn.,* 190 Cal. 246, 249 [212 P. 27]); whether his conduct, even though not expressly or impliedly authorized, was an incidental event connected with his assigned work (*Carr* v. *Wm. C. Crowell Co.,* 28 Cal.2d 652, 654 [171 P.2d 5]; *Tyson* v. *Romey,* 88 Cal.App.2d 752, 755 [199 P.2d 721]); and many other things besides the time and place of performance of his duties as an employee. (See 32 Cal.Jur.2d, pp. 553-567.)'' (At pp. 136-137.)

Finally, in *McIvor* the court held that ''section 3601 does not foreclose an action by employee against a coemployee for injuries sustained by the former as a result of the negligent conduct of the latter merely because the injuries sustained were compensable under the Workmen's Compensation Statute; the fact that such an injury arose out of and in the course of employment does not establish per se that the coemployee who inflicted that injury was acting within the scope of his employment; . . .'' (At p. 139.)

In *Saala* v. *McFarland, supra,* 63 Cal.2d 124, the plaintiff was driving her automobile from the parking lot furnished by her employer when another employee driving his car in the parking lot collided with her causing the injuries. The accident occurred on the employer's parking lot but both employees had completed their days' work.

In both *McIvor* v. *Savage* and *Saala* v. *McFarland* the injured plaintiffs were found to have been injured in the course and scope of their employment and were awarded compensation under the Workmen's Compensation Act. In each case the court held that liability attached to the negligent coemployee who was acting outside the scope of his employment. These cases differ factually and are distinguishable from the case before us.

Here the declaration in support of the motion for summary judgment discloses that Albertson, Jr., was performing his duties pertaining to his employment, i.e., the driving of the tractor, when deceased stepped onto the counterbalance of the tractor; that it was shortly before quitting time of 5 p.m. for deceased; that the accident occurred on the employer's premises. Also, there is no indication in the record of any statutory safety regulations or company rules or directives prohibiting the giving of rides to fellow employees on company equipment. There also are no facts related to show that permitting a rider on the counterbalance of the tractor would be so hazardous that by its very nature it would be prohibited and outside the scope of defendant's employment.

The summary of the evidence before the Industrial Accident Commission referee, as set forth in plaintiff's declaration in opposition to the motion for summary judgment, clearly establishes that Albertson, Jr., was acting in the interests of both his employer and decedent at the time of the occurrence of the accident.

Under the circumstances here, it does not seem unreasonable to infer that the authority to give a coworker ''a lift'' is conduct authorized by the employer in the absence of some showing that such actions were prohibited either by statute or company rules. While not of a direct benefit and while not expressly authorized, it appears that the giving of the ride did indirectly benefit the employer in creating a harmonious relationship among the employees and was an incidental event connected with defendant's assigned work.

Section 3601 of the Labor Code as amended is a recognition that industrial accidents are a matter of enterprise liability. This section eliminates the former rights of an employer for subrogation against a negligent employee causing injuries. It also eliminates actions by the employee against a co-employee except in the specific instances provided in section 3601, subdivision (a) (1) (2) (3). Exceptions to the plain wording of the statute should clearly be indicated in either the pleadings or declarations. To rule otherwise would place the risk of loss on fellow employees contrary to the intent of the statute. A similar statute exempting co-employees from liability was considered in *Caulfield* v. *Elmhurst Contracting Co.*, 268 App. Div. 661 [53 N.Y.S.2d 25, 29], where the court said the provision ''means just what it says. . . .'' (See also Steffen, *Enterprise Liability*, 17 Hastings L.J. 176-179.) Plaintiff relies on her complaint and the referee's statement of facts in support

of her contention that a triable issue exists as to defendant's acting within the scope of his employment at the time of the accident. Neither the complaint nor declaration so indicate. It is well settled that depositions and other discovery proceedings may be used in support of contentions on motion for summary judgment. (See *Saporta* v. *Barbagelata,* 220 Cal. App.2d 463, 469 [33 Cal.Rptr. 661] ; *Curreri* v. *City & County of San Francisco,* 262 Cal.App.2d 603 [69 Cal.Rptr. 20].) Under the circumstances here where plaintiff has not used available procedures to establish the existence of the issue, it is reasonable to assume that her cause is stated as strongly as it could be stated.

It is concluded that appellant has not presented any facts from which it may be determined or implied that a triable issue exists as to whether the accident was within the province of section 3601 of the Labor Code or as to whether defendant Albertson, Jr., was acting outside the scope of his employment at the time of the accident.

Relative to plaintiff's action as against the employer Earl David Albertson, there are no facts stated either in the complaint or declaration to indicate an exception to the provision of section 3601 of the Labor Code limiting the recovery as against an employer to the benefit of the Workmen's Compensation Act. The summary judgment was therefore properly granted.

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied December 6, 1968.