[Civ. No. 11544. Fourth Dist., Div. Two. Jan. 11, 1972.]

*MARCY G. HUNTSINGER, Individually and as Administratrix, etc., et al., Plaintiffs and Appellants, v.
GLASS CONTAINERS CORPORATION, Defendant and Respondent.

*Reporter's Note: This case was previously entitled "Huntsinger v. Fell."

## COUNSEL

Cooksey, Schumacher, Coleman & Minyard and Sidney L. Radus for Plaintiffs and Appellants.

McCray & Murphy and W. Mike McCray for Defendant and Respondent.

## OPINION

**KAUFMAN, Acting P. J.**—When the plaintiffs rested, the motion of defendant Glass Containers Corporation for nonsuit was granted and judgment rendered in favor of that defendant. Plaintiffs appeal.

### The Issue

Appellants are the survivors and administratrix of the estate of Miles Franklin Huntsinger who was killed as a result of a collision on November 1, 1968, between a motorcycle he was riding and an automobile owned and operated by defendant Edward Fell. Glass Containers Corporation, Fell's employer, was made a party defendant to this action for wrongful death on the theory of *respondeat superior*. A nonsuit was granted on the premise that, as a matter of law, Fell was not acting within the scope of his employment on the occasion of the accident. The sole issue on appeal is whether that determination was correct.

### The Facts

Fell was employed by Glass Containers Corporation as a "Technical Service Representative." As such, one of his principal duties was consultation with customers, which involved daily liaison and contact with customers not only by telephone but in person at the customers' plants as the need arose. Thus, Fell performed his duties both in the company office and in the field. Many of his field trips were unplanned and unpredicted. He was not required to punch a timeclock at the office, nor was he required to sign in or out.

In carrying out the duties of his employment, Fell drove extensively a half-ton pickup truck owned by him. There were some occasions on which he would leave his home in Yorba Linda and call on customers prior to going to the company office in Whittier. From time to time, he would make customer calls on the way home from the office. Occasionally, he would carry in the truck objects connected with company business. Although there is some indication that, at some times, a rental automobile used by another employee might be available for Fell's use, there is ample evidence from which the jury might have concluded that Fell's use of his vehicle was an implied or express condition of his employment. Although Fell generally was reimbursed for the use of his vehicle at the rate of nine cents per mile, he received no mileage allowance for traveling to and from work.

The accident occurred about 5 p.m. as Fell was driving from the company office in Whittier directly to his home. He had not yet reached

home. Earlier that day Fell had driven his vehicle from the company office to a plant in Vernon for consultation on a customer's account, but he had returned to the office in Whittier before leaving for home.

### Discussion

Respondent relies upon the "going and coming" rule under which an employee going to and from work is ordinarily considered outside the scope of employment. (See *Hinman* v. *Westinghouse Elec. Co.*, 2 Cal.3d 956, 961 [88 Cal.Rptr. 188, 471 P.2d 988]; *Harris* v. *Oro-Dam Constructors*, 269 Cal.App.2d 911, 912-913 [75 Cal.Rptr. 544].) Appellants contend that the facts of the case fall within an exception to the "going and coming" rule, relying principally upon *Smith* v. *Workmen's Comp. App. Bd.*, 69 Cal.2d 814 [73 Cal.Rptr. 253, 447 P.2d 365] and *Richards* v. *Metropolitan Life Ins. Co.*, 19 Cal.2d 236 [120 P.2d 650]. Both sides assert support for their positions in *Hinman* v. *Westinghouse Elec. Co.*, *supra*, 2 Cal.3d 956.

If the decision in *Smith* v. *Workmen's Comp. App. Bd.*, *supra*, be deemed fully applicable to this tort case, it is controlling. Both in tort cases (see *Hinman* v. *Westinghouse Elec. Co.*, *supra*, 2 Cal.3d at pp. 961-962; *Harris* v. *Oro-Dam Constructors*, *supra*, 269 Cal.App.2d at pp. 915-916) and workmen's compensation cases (see *Smith* v. *Workmen's Comp. App. Bd.*, *supra*, 69 Cal.2d at p. 820; *Harris* v. *Oro-Dam Constructors*, *supra*, 269 Cal.App.2d at p. 913) numerous exceptions to the "going and coming" rule are recognized. In *Smith* the court, in the workmen's compensation field, recognized a new exception, to wit: when the employer requires an employee to furnish a vehicle of transportation on the job, the "going and coming" rule is inapplicable, at least where there is no evidence that at the time of the accident the employee was not driving directly to or from work. (69 Cal.2d at pp. 816-820.) As indicated in the statement of facts, there is ample evidence from which the jury might have concluded that Fell's use of his vehicle was an implied or express condition of his employment.

Of course, "the test under the workmen's compensation law of 'arising out of and in the course of the employment' (Lab. Code, § 3600), is not identical with the test of 'scope of employment' under the *respondeat superior* doctrine . . . ." (*Hinman* v. *Westinghouse Elec. Co.*, *supra*, 2 Cal.3d at p. 962, fn. 3; see also *Saala* v. *McFarland*, 63 Cal.2d 124, 128-129 [45 Cal.Rptr. 144, 403 P.2d 400].) Noting the differences in the historical development of and the social philosophy underlying the "going and coming" rule in tort cases and workmen's compensation cases as well as the effect of the rule of liberal construction applicable in workmen's

compensation cases (Lab. Code, § 3202), the court in *Harris* v. *Oro-Dam Constructors, supra,* declined to apply to the tort case before it decisions based upon workmen's compensation principles. (269 Cal.App.2d at pp. 914-915.) It found that, historically, the two primary elements considered in imposing liability on the theory of *respondeat superior* have been benefit to the employer and the employer's right of control. (269 Cal.App.2d at p. 917.) Respondent, of course, relies upon the *Harris* decision in urging that we not apply the rule of *Smith* v. *Workmen's Comp. App. Bd., supra,* to the tort case before us.

█ While it is undoubtedly true that the rule of liberal construction mandated by Labor Code, section 3202 has affected the development of exceptions to the "going and coming" rule in the workmen's compensation field, and while it may also be true that, historically, the rule and its exceptions in the tort field resulted from other considerations (*Harris* v. *Oro-Dam Constructors, supra,* 269 Cal.App.2d at p. 915; see also *Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at p. 959), " 'the modern justification for vicarious liability [at least where liability is predicated upon negligence] is a rule of policy, a deliberate allocation of a risk. The losses caused by the torts of employees, which as a practical matter are sure to occur in the conduct of the employer's enterprise, are placed upon that enterprise itself, as a required cost of doing business. . . .' " (*Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at pp. 959-960 quoting Prosser, Law of Torts (3d ed. 1964) p. 471.) "The principal justification for the application of the doctrine of *respondeat superior* . . . is the fact that the employer may spread the risk through insurance and carry the cost thereof as part of his costs of doing business." (*Johnston* v. *Long,* 30 Cal.2d 54, 64 [181 P.2d 645]; also *Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at p. 960.) "[T]he modern and proper basis of vicarious liability of the master is not his control or fault but the risks incident to his enterprise." (*Hinman* v. *Westinghouse Elec. Co., supra,* and authorities there cited.)

█ Thus, while it may constitute pouring new wine into an old bottle, the "going and coming" rule and its exceptions in the tort cases are concerned with the allocation of the economic cost of an injury resulting from a risk incident to business enterprise, and the social philosophy underlying the rule and its exceptions in the tort field is now substantially similar to that underlying workmen's compensation. (*Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at pp. 960-962 and fn. 3.) Interestingly, and perhaps pointedly, the court in *Hinman* cited with apparent approval *Breland* v. *Traylor Eng. etc., Co.,* 52 Cal.App.2d 415, 423 [126 P.2d 455] (2 Cal.3d at p. 961), the very case the *Harris* court declined to apply (269 Cal.App.2d at p. 914). Additionally, the court in

*Hinman* cited as a coequal authority *Kobe* v. *Industrial Acc. Com.,* 35 Cal.2d 33, 35 [215 P.2d 736], a workmen's compensation case. (2 Cal.3d at p. 961.) The indication is, therefore, that the rule announced in *Smith* v. *Workmen's Comp. App. Bd., supra,* 69 Cal.2d at p. 820 is applicable to the case at bench notwithstanding *Smith* was a workmen's compensation case.

■    We need not, however, rest our decision entirely on *Smith.* A consideration of *Richards* v. *Metropolitan Life Ins. Co., supra,* 19 Cal.2d 236 in light of the principles set forth in *Hinman* indicates the same result. Although *Richards* relied to some extent upon authorities from the workmen's compensation field, it was a tort case. There the employee was an insurance salesman whose duties included both office and field work; he was not required to report to the office before commencing work; if he had a sale or some other service call to make early in the morning, he would make it before going to the office, but rarely would he spend over half an hour in the field prior to reporting to the office in the morning; he was not compensated for the use of his vehicle. (19 Cal.2d at pp. 237-238.) On the morning of the accident he was on his way directly from his home to his office when the accident occurred. (19 Cal.2d at p. 238.) The court held that, under these circumstances, the trier of fact could find the employee was acting within the scope of his employment at the time of the accident. (19 Cal.2d at pp. 241-244.)

The circumstances noted in the *Richards* case have come to constitute a recognized exception to the "going and coming" rule. (See *Smith* v. *Workmen's Comp. App. Bd., supra,* 69 Cal.2d at p. 819; *Harris* v. *Oro-Dam Constructors, supra,* 269 Cal.App.2d at p. 916; see also *Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at p. 961.)    ■    Synthesizing several characteristics of the "going and coming" rule, the court in *Harris* v. *Oro-Dam Constructors, supra,* observed: "First, it is usually invoked when the employee performs services 'at or in a particular plant or upon particular premises . . . .' [Citation.] Second, it has particular application to vehicle accidents of employees whose jobs do not embrace driving." (269 Cal.App.2d at pp. 916-917, fn. omitted.)

■    Although the facts in the case at bench are not identical with those in *Richards* v. *Metropolitan Life Ins. Co., supra,* viewing them most favorably to appellants, they present fundamentally the same picture. Fell had duties both in the office and in the field; he was required to use his vehicle for the field work; there was no requirement that he report to the office before engaging in his field duties; on some occasions he called on customers after leaving home and before going to the office; on other occasions he called on customers after leaving the office on his way home.

Under the *Richards* case, it is immaterial that on the specific ocasion of the accident he was going directly home from the office and not making a customer call. (See *Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at p. 961.)

After setting forth that the modern basis for the doctrine of *respondeat superior* in negligence cases is a policy requiring business enterprise to stand the cost of injuries resulting from risks incident to the enterprise (2 Cal.3d at pp. 959-960), the court in *Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d at p. 962 concluded: "The . . . cases indicate that exceptions will be made to the 'going and coming' rule where the trip involves an incidental benefit to the employer, not common to commute trips by ordinary members of the work force." Respondent contends that Fell's trip from the office to his home during which the accident occurred did not involve any incidental benefit to it not common to commute trips by ordinary members of its work force. We do not agree.

Presumably, ordinary members of respondent's work force would not be required to use their vehicles in company business and would not, therefore, be required to drive their vehicles to and from work. The means by which they travel to and from work is a matter of complete indifference to respondent. No so with respect to Fell. Viewing the evidence most favorably to appellants, Fell was required to use his automobile in carrying out his employment duties. Obviously, this arrangement constituted a benefit to respondent. Unless Fell drove his vehicle to and from the office, he would not have it available for the beneficial use of respondent when it was needed. His driving his vehicle to and from the office was, therefore, incidentally beneficial to respondent in a manner not common to commute trips by ordinary members of its work force. In other words, when a business enterprise requires an employee to drive to and from its office in order to have his vehicle available for company business during the day, accidents on the way to or from the office are statistically certain to occur eventually, and, the business enterprise having required the driving to and from work, the risk of such accidents are risks incident to the business enterprise. We do not deal, of course, with a case in which the employee was not directly driving home but was engaged on some errand of his own.

We conclude, therefore, that there is substantial evidence from which the jury might have found that Fell was acting within the scope of his employment at the time of the accident. Appellants would have us hold that he was acting within the scope of his employment as a matter of law. Without implying that we would be so inclined, it is sufficient to

note that we cannot even consider such a holding when respondent has not yet put on its evidence.

In concluding, we note that the result we reach is not at odds with the decisions in *Nussbaum* v. *Traung Label etc. Co.,* 46 Cal.App. 561 [189 P. 728] and *Mauchle* v. *P.-P. Int. Exp. Co.,* 37 Cal.App. 715 [174 P. 400]. The holding and rationale of these cases was aptly explained and distinguished in *Richards* v. *Metropolitan Life Ins. Co., supra,* 19 Cal.2d at pp. 239-240.

Reversed.

Kerrigan, J., and Gabbert, J., concurred.