[Civ. No. 17055. Fourth Dist., Div. Two. Sept. 29, 1977.]

GLENN W. CAMPBELL, Plaintiff and Appellant, v.
HARRIS-SEYBOLD PRESS COMPANY et al.,
Defendants and Respondents.

788

## COUNSEL

Hayton & Peach and Robert C. Peach for Plaintiff and Appellant.

Wilson, Borror & Dunn and Caywood J. Borror for Defendants and Respondents.

## OPINION

**TAMURA, J.**—Plaintiff appeals from a judgment on a jury verdict in favor of defendants Harris-Seybold Company (Harris) and one of its employees. The central issue presented by this appeal is whether a plaintiff who is injured by the negligence of a special employee of plaintiff's employer can maintain an action against the special employee's general employer where the latter is not the special employer of plaintiff. We have concluded that he can.

The instant controversy arises from an accident which occurred on the premises of plaintiff's employer, World Prophetic Ministries (World), which prints religious literature for national and world distribution. Plaintiff was employed by World as a printing press operator. During World's move to new headquarters, the printing press was exposed to a sandstorm and became inoperable. World requested Harris, the manufacturer of the press, to dispatch a service representative.

Harris sent defendant Adam, its repair specialist. Dr. Estep, World's director, told Adam that restoration of the press was urgent and that he would assign plaintiff to assist Adam in servicing the press. Together, Adam and plaintiff decided that the best method to clean the press was

with a cleaning solvent. Adam typically used kerosene for this purpose but none was available so another solvent, supplied by plaintiff, was used and the press was washed down. When plaintiff electrically activated the press, an explosion occurred causing plaintiff severe injuries. The cause of the explosion was linked to the low flash point of the solvent used to clean the press.

Plaintiff's action for damages as against Harris and Adam was tried to a jury. The jury was instructed in part: "One may be both a general employee of one employer and a special employee of another if his work is done for the benefit of both employers, and if both employers participate in and have some power to direct and control the details of his work. . . . [¶] If you find that either man at the time of the accident involved was the special employee of the other's employer as defined in this instruction, your verdict in this action must be for the defendants. . . ."

The jury returned a special verdict finding that either plaintiff or Adam had become the special employee of the other's general employer.[1] Judgment was thereupon entered that plaintiff take nothing against defendants.

 Plaintiff assails the final portion of the instruction as unsound in law contending that a finding of a special employment relationship between Adam and plaintiff's employer should not compel a verdict in favor of Adam's general employer, Harris.[2] We agree.

Labor Code section 3601[3] provides in relevant part: "(a) Where the conditions of compensation exist, the right to recover such compensation,

---

[1] The special verdict read in pertinent part as follows:

"We, the jury in the above entitled case, find the following Special Verdict on the issues submitted to us:

"Issue No. 1. Was either Defendant Maurice Adam the special employee of World Prophetic Ministries or Glenn Campbell the special employee of Harris-Intertype Company, acting in the course of said special employment at the time of Plaintiff's injury?

"Answer 'yes' or 'no'.

"ANSWER: YES

"If you have answered Issue No. 1 'yes', then sign and return this verdict to the court without proceeding to the other issues. If you have answered it 'no', then proceed to answer the next issue."

[2] Plaintiff also challenges the sufficiency of the evidence to support the jury verdict but our resolution of the first issue makes unnecessary any discussion of this point.

[3] All statutory references are to the Labor Code, unless otherwise indicated.

pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, . . ." The right of an injured employee to maintain an action for damages against a stranger to his employment status, however, is preserved by two Labor Code sections. Section 3602 provides: "In all cases where the conditions of compensation do not concur, the liability of the employer is the same as if this division had not been enacted." Section 3852 reads in pertinent part: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against *any person other than the employer*. . . ." (Italics supplied.)

One of the two variants posed to the jury by the instruction and special verdict required it to render a verdict for *both* defendants upon a finding that defendant Adam became the special employee of World. But even assuming that the jury so found, that finding alone should not defeat plaintiff's action as against defendant Harris.

The workers' compensation law forecloses plaintiff from suing his employer World, and, assuming that Adam became a special employee of World (thereby becoming a coemployee of plaintiff) and was acting within the scope of his special employment, from suing Adam as well. (§ 3601; *Saala* v. *McFarland,* 63 Cal.2d 124, 128 [45 Cal.Rptr. 144, 403 P.2d 400].) In any case, absent an employment relationship between plaintiff and Harris, plaintiff's right to maintain his action against Harris remains intact. (§§ 3602, 3852; see *Cardenas* v. *Ellston,* 259 Cal.App.2d 232, 238 [66 Cal.Rptr. 128].) ■ This result is an adjunct of the principle that the workers' compensation laws do not alter the correlative rights and liabilities of the parties who do not occupy the reciprocal statuses of employer and employee. (*Baugh* v. *Rogers,* 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043]; *Pac. Emp. Ins. Co.* v. *Hartford etc. Ins. Co.,* 143 Cal.App.2d 646, 648 [299 P.2d 928].) This axiom is not muted by the fact that the employee was injured by a third party with whom the employer of the injured party had entered into a consensual legal relationship. (*Baugh* v. *Rogers, supra.*) ■ Accordingly, in the case at bench, there was a need to separately identify whether an employer-employee relationship existed between Harris and plaintiff[4] and between World and Adam. The instruction in question failed to require the jury to do so.

---

[4]Although we do not address the sufficiency of the evidence that Adam became the special employee of World, we do note that the alternative posed by the instruction, viz., plaintiff became a special employee of Adam's employer Harris, has no support

■ But, Harris contends, if its liability stems from the operation of respondeat superior, then if Adam is immune, Harris must likewise be immune. While negligence and immunity may, of course, reside in the same party simultaneously, it does not necessarily follow that a principal must enjoy the immunity of his agent. In *Freeman* v. *Churchill,* 30 Cal.2d 453 [183 P.2d 4], which involved a tort action against an employee and his employer based upon the claimed negligent conduct of the employee, the Supreme Court remarked "where the liability [of employer] is predicated upon *respondeat superior* and the defense raised by the employee . . . *is not personal to him* but goes to the merits of the case . . . , the defense pleaded by the employee inures to the benefit of the employer." (*Id.,* at p. 461; italics supplied.) In the instant case, assuming that section 3601 precludes plaintiff from maintaining an action against Adam, Harris could not avail itself of Adam's defense under section 3601 to escape liability because that defense does not go to the merits of plaintiff's cause of action. The defense of section 3601 being personal to Adam, it would not inure to the benefit of Harris. (*Cardenas* v. *Ellston, supra,* 259 Cal.App.2d 232, 238; see *Duprey* v. *Shane,* 39 Cal.2d 781, 794 [249 P.2d 8].) In short, while Adam's negligence may be imputed to Harris, Adam's status as a special employee of World would not immunize Harris. Thus, if the elements of respondeat superior are satisfied, Harris may be adjudged liable for Adam's negligent conduct.

The soundness of this result is buttressed by the rationale underlying the doctrine of respondeat superior that the employer's liability includes risks created by or inherent in the enterprise because it rather than the injured party is best able to spread the risk of loss. (*Rodgers* v. *Kemper Constr. Co.,* 50 Cal.App.3d 608, 618 [124 Cal.Rptr. 143].) If Harris were permitted to invoke the immunity of Adam, it would escape responsibility for the risks incident to the conduct of its business without at the same time conferring any reciprocal benefit to the workers' compensation scheme. Such a result is neither fair nor necessary.

■ It follows from what we have said that if the jury found that an employment relationship did not exist between Harris and plaintiff,

whatsoever in the record. There is no evidence that plaintiff or plaintiff's employer ever spoke to Harris about plaintiff, that Harris exercised or maintained any right of control and supervision over plaintiff, or that plaintiff ever performed work upon Harris' premises. Under these circumstances, no special employment relationship can be said to have arisen between plaintiff and Harris. (See *McFarland* v. *Voorheis-Trindle Co.,* 52 Cal.2d 698, 704 [343 P.2d 923]; *Martin* v. *Phillips Petroleum Co.,* 42 Cal.App.3d 916, 921-923 [117 Cal.Rptr. 269]; *Oxford* v. *Signal Oil & Gas Co.,* 12 Cal.App.3d 403, 408 [90 Cal.Rptr. 700].)

plaintiff's right to sue Harris for civil damages remained intact. However, the instruction given to the jury erroneously failed to preserve this right. It is of no consequence that the instruction was in part right in telling the jury that if plaintiff became a special employee of Harris, he could sue neither Harris nor Adam. ■ Where it is probable that the jury rested its decision upon an incorrect statement of law, prejudice is shown and reversal is required. (*Luque* v. *McLean,* 8 Cal.3d 136, 146-147 [104 Cal.Rptr. 443, 501 P.2d 1163], and authorities cited.)

Judgment is reversed.

Gardner, P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied October 20, 1977, and respondents' petition for a hearing by the Supreme Court was denied November 25, 1977.