[Civ. No. 20078. Fourth Dist., Div. Two. Mar. 13, 1979.]

CLIFTON JAMES BRITTELL et al., Plaintiffs and Appellants, v.
BEAUFORD YOUNG et al., Defendants and Respondents;
PACIFIC EMPLOYERS INSURANCE COMPANY,
Intervener and Appellant.

**COUNSEL**

Dunbar & Taylor and Douglas R. Taylor for Plaintiffs and Appellants.

Hagenbaugh & Murphy and Everett Hinchcliffe for Intervener and Appellant.

Pickell & Brown and Ned A. Kimball for Defendants and Respondents.

**OPINION**

**TAMURA, Acting P. J.**—This appeal involves the scope of immunity of an employee under Labor Code section 3601, which makes the right to recover workers' compensation for injury or death the exclusive remedy "against any other employee of the employer acting within the scope of his employment, . . ." Plaintiffs (husband and wife) sued husband's

coemployee (defendant) and certain others for injuries sustained by the husband at his place of employment. The employer's workers' compensation carrier (Pacific Employers Insurance Co.) filed a complaint-in-intervention to recover workers' compensation benefits paid to husband. The trial court entered a summary judgment dismissing the action as to defendant. Plaintiffs and plaintiff-in-intervention appeal.

The pertinent facts are not in dispute. Plaintiff (husband) and defendant were employed by an automobile sales and service dealership, plaintiff as a line mechanic and defendant as the shop superintendent. On the day in question, the employer had scheduled a service department personnel meeting for 5 p.m. Shortly before 5 p.m., plaintiff was on his way from the wash room to his work area just as defendant was attempting to drive his personally owned van onto the lube hoist. The van went over the lube rack and struck plaintiff, pinning him against a work bench and causing him severe injuries. The employer had authorized defendant to use the shop equipment and facilities to service his own vehicle as part of his compensation.

■ The sole issue is whether under the foregoing facts, defendant was "acting within the scope of his employment" at the time of the accident and is, therefore, entitled to the immunity provided by section 3601. (Unless otherwise indicated, all statutory references are to the Labor Code.)[1]

The provision making the right to receive workers' compensation benefits the exclusive remedy for injury or death caused by a coemployee "acting within the scope of his employment" was added to section 3601 in 1959.[2] Until that time, an employee's common law right to bring an action against a negligent coemployee was deemed to be preserved by section 3852.[3] (*Singleton* v. *Bonnesen* (1955) 131 Cal.App.2d 327, 329-330

---

[1]Subdivision (a) of section 3601 provides in pertinent part: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, . . ."

[2]Prior to 1959, section 3601 read: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death."

[3]Section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In

[280 P.2d 481]; see *Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 625 [311 P.2d 1]; *Baugh* v. *Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043].) The scope of an employee's immunity under the 1959 amendment to section 3601 has been considered in three cases: *Saala* v. *McFarland,* 63 Cal.2d 124 [45 Cal.Rptr. 144, 403 P.2d 400]; *McIvor* v. *Savage,* 220 Cal.App.2d 128 [33 Cal.Rptr. 740]; and *Vellis* v. *Albertson,* 267 Cal.App.2d 285 [72 Cal.Rptr. 841].

In *Saala* v. *McFarland, supra,* 63 Cal.2d 124, an employee was injured in a parking lot provided by the employer for the use of its employees when she was struck by an automobile driven by a coemployee who was leaving for home at the end of the working day. After receiving workers' compensation benefits, the injured employee brought an action against the coemployee to recover damages for the injuries. The trial court granted a summary judgment for defendant but the Supreme Court reversed. The court rejected the argument that the 1959 amendment to section 3601 was intended to exempt employees from civil liability to the same extent as employers. It interpreted the phrase "scope of employment" in section 3601 as expressing a more restrictive concept than the phrase "arising out of and in the course of employment," the condition for entitlement to workers' compensation benefits. The court held that since defendant failed to show that she was still serving her employer at the time of the accident, she was not acting within the scope of her employment and hence not exempt from civil liability to plaintiff. The court quoted with approval the admonition in an Industrial Accident Commission decision that the words "acting within the scope of employment" in section 3601 should be construed " 'so as not to extend the immunity beyond respondeat superior situations.' " (*Saala* v. *McFarland, supra,* 63 Cal.2d 124, 130, quoting *Motal* v. *Industrial Acc. Com.,* 29 Cal.Comp.Cases 224, 225.)

*Saala* relied in part on *McIvor* v. *Savage, supra,* 220 Cal.App.2d 128, where the court came to the same conclusion as the *Saala* court under basically the same factual circumstances. As in *Saala,* an employee was injured in an automobile accident between coemployees in a company parking lot at the end of the working day. The *McIvor* court held that section 3601 did not preclude an action by an employee against a coemployee merely because the injuries were compensable under the workers' compensation law. It held that the fact that the injury arose out

the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

of and in the course of employment did not per se establish that the injury was caused by an employee acting within the scope of his employment. (*Id.*, at pp. 139-140.)

The third case involving an employee's immunity under section 3601 is *Vellis* v. *Albertson, supra,* 267 Cal.App.2d 285. This was a wrongful death action for the death of a farm worker who suffered fatal injuries when he fell from a tractor used by defendant, a coemployee of decedent, to haul apricots from the field to a central point on the ranch. At about 5 p.m. decedent asked defendant for a ride to the corner of the property and got on the tractor. After unloading the boxes of apricots, defendant started towards the property line; decedent fell from the tractor and was run over by the wheels. The trial court granted defendant's motion for summary judgment and the judgment was affirmed on appeal. The court first held that *Saala* and *McIvor* were factually distinguishable. The court then observed that absent evidence of a company rule or statute to the contrary, it could be reasonably inferred that defendant was authorized to give a coemployee a ride and that doing so benefited the employer because it promoted harmonious employer-employee relationships. Accoringly, the court concluded that giving decedent a ride was incidental to defendant's duties and was, therefore, within the scope of his employment.

In reaching its conclusion, the *Vellis* court observed that section 3601 as amended "is a recognition that industrial accidents are a matter of enterprise liability" and stated: "This section eliminates the former rights of an employer for subrogation against a negligent employee causing injuries. It also eliminates actions by the employee against a co-employee except in the specific instances provided in section 3601, subdivision (a)(1)(2)(3). Exceptions to the plain wording of the statute should clearly be indicated in either the pleadings or declarations. To rule otherwise would place the risk of loss on fellow employees contrary to the intent of the statute." (*Vellis* v. *Albertson, supra,* 267 Cal.App.2d 285, 291.)

The case at bench does not fit into the factual mold of any of the three cases reviewed above. The nexus between the injury and the employment is closer than in *Saala* and *McIvor* but the benefit to the employer from the conduct resulting in the injury is more attenuated than in *Vellis.* Therefore, in order to decide whether this case meets the respondeat superior test for an employee's immunity under section 3601, as *Saala*

requires us to do,[4] it is necessary that we review the rationale for the doctrine of respondeat superior as developed and applied in this state.

Recently in *Rodgers* v. *Kemper Constr. Co.,* 50 Cal.App.3d 608 [124 Cal.Rptr. 143], we had occasion to review the modern rationale for the doctrine of respondeat superior. We there said:

"Under *respondeat superior,* an employer is vicariously liable for the torts of his employees committed within the scope of the employment.[2] The doctrine, which departs from the normal tort principle that liability follows fault, is an ancient one but its scope and stated rationale have varied widely from period to period. (See 2 Harper & James, The Law of Torts, pp. 1361-1374; Prosser, Torts (4th ed. 1971) pp. 458-459.) It has been aptly stated that 'Respondeat superior has long been a rule in search of a guiding rationale.' (Note, 82 Harv.L.Rev. 1568, 1569.)

"California has adopted the rationale that the employer's liability should extend beyond his actual or possible control over the employees to include risks inherent in or created by the enterprise because he, rather than the innocent injured party, is best able to spread the risk through prices, rates or liability insurance. (*Hinman* v. *Westinghouse Elec. Co.,* 2 Cal.3d 956, 959-960 [88 Cal.Rptr. 188, 471 P.2d 988]; *Johnston* v. *Long,* 30

---

[4]Professor Larson is of the view that the most satisfactory test would be to use the regular workers' compensation "course of employment" standard in determining an employee's immunity. He states: "After all, there are troubles and complications enough administering one course of employment test under the act, without adding a second. By adopting the compensation test, a court has at hand a ready-made body of cases with which to dispose of most borderline situations." (2A Larson, Workmen's Compensation Law (1976) § 72.20, pp. 14-42 - 14-43.)

Defendant has also directed our attention to an article by Professor Roscoe Steffen entitled *Enterprise Liability: Some Exploratory Comments* (1965) 17 Hastings L. J. 165, 172. Professor Steffen's thesis is that the workers' compensation law was designed to place the risk of industrial injury onto the enterprise and that the 1959 amendment to section 3601 was intended to prevent enterprise responsibilities from being shifted to a negligent employee by permitting the injured worker (and the employer's compensation carrier by subrogation) to bring a civil action to recover their losses. The author suggests that the *Saala* court should have extended immunity to the negligent employee to the "full [extent] of workmen's compensation, rather than to preserve the injured person's common law remedy so far as possible." (17 Hastings L.J. 165, 177, fn. 73.)

However we may feel about the cogency of the views expressed by Professor Larson and Professor Steffen, as an intermediate appellate court we are, of course, bound by the law as declared in *Saala.*

"[2]In California the doctrine is codified in Civil Code section 2338 which provides: 'Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal.' "

Cal.2d 54, 63-64 [181 P.2d 645]; *Fields* v. *Sanders,* 29 Cal.2d 834, 841 [180 P.2d 684, 172 A.L.R. 525]; *Carr* v. *Wm. C. Crowell Co.,* 28 Cal.2d 652, 655-656 [171 P.2d 5]; *Strait* v. *Hale Constr. Co.,* 26 Cal.App.3d 941, 948-949 [103 Cal.Rptr. 487].) In some respects this rationale is akin to that underlying the modern doctrine of strict tort liability for defective products. (See *Escola* v. *Coca Cola Bottling Co.,* 24 Cal.2d 453, 461-462 [150 P.2d 436], concurring opn. of Traynor, J.; *Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].) But this does not mean that *respondeat superior* is merely a justification for reaching a 'deep pocket' or that it is based only upon an elaborate economic theory regarding optimal resource allocation. It is grounded upon 'a deeply rooted sentiment that a business enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities.' (*Ira S. Bushey & Sons, Inc.* v. *United States,* 398 F.2d 167, 171, noted in 82 Harv.L.Rev. 1568-1575. See generally, Keeton, *Conditional Fault in the Law of Torts,* 72 Harv.L.Rev. 401.)

"One way to determine whether a risk is inherent in, or created by, an enterprise is to ask whether the actual occurrence was a generally foreseeable consequence of the activity. However, 'foreseeability' in this context must be distinguished from 'foreseeability' as a test for negligence. In the latter sense 'foreseeable' means a level of probability which would lead a prudent person to take effective precautions whereas 'foreseeability' as a test for *respondeat superior* merely means that in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. (2 Harper & James, The Law of Torts, pp. 1377-1378. See *Ira S. Bushey & Sons, Inc.* v. *United States, supra,* at pp. 171-172.) In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one 'that may fairly be regarded as typical of or broadly incidental' to the enterprise undertaken by the employer. (2 Harper & James, The Law of Torts, p. 1376.)

"Under the modern rationale for *respondeat superior,* the test for determining whether an employer is vicariously liable for the tortious conduct of his employee is closely related to the test applied in workers' compensation cases for determining whether an injury arose out of or in the course of employment. (*Hinman* v. *Westinghouse Elec. Co., supra,* 2 Cal.3d 956, 962, fn. 3.) This must necessarily be so because the theoretical basis for placing the loss on the employer in both the tort and workers'

compensation fields is the allocation of the economic cost of an injury resulting from a risk incident to the enterprise. (*Huntsinger* v. *Glass Containers Corp.,* 22 Cal.App.3d 803, 808 [99 Cal.Rptr. 666]; 2 Harper & James, The Law of Torts, pp. 1376-1378.) Consequently, our high court has on many occasions relied upon workers' compensation cases in tort cases. (E.g., *Hinman* v. *Westinghouse Elec. Co., supra,* at pp. 961-962; *George* v. *Bekins Van & Storage Co.,* 33 Cal.2d 834, 843 [205 P.2d 1037]; *Fields* v. *Sanders, supra,* 29 Cal.2d 834, 841; *Carr* v. *Wm. C. Crowell Co., supra,* 28 Cal.2d 652, 656.)" (*Rodgers* v. *Kemper Constr. Co., supra,* 50 Cal.App.3d 608, 617-619.)

In light of the rationale adopted by California for respondeat superior, we are satisfied that at the time of the accident defendant was acting "within the scope of his employment" within the meaning of section 3601. The accident occurred during the workday while defendant was using the employer's equipment and facilities as he was authorized to do as part of his compensation. It may also be reasonably inferred that the arrangement between defendant and his employer for the use of the equipment and facilities was mutually beneficial. In the circumstances, the injury was manifestly one resulting from a risk created by or incident to the enterprise. The fact that an employee receives a personal benefit does not per se take the activity out of the scope of employment if there is also some benefit to the employer. (*Hinman* v. *Westinghouse Elec. Co.,* 2 Cal.3d 956, 962 [88 Cal.Rptr. 188, 471 P.2d 988].) Had the injured person been a stranger rather than a coemployee, there would be little doubt that the employer could have been held vicariously liable for defendant's conduct.

DISPOSITION

For the foregoing reasons, the judgment is affirmed.[5]

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied March 30, 1979, and the petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied May 30, 1979.

---

[5]Plaintiff's wife alleged a cause of action for damages for loss of consortium. However, her cause of action must stand or fall with the husband's. Since her husband is precluded from maintaining his action by reason of section 3601, making the right to recover workers' compensation benefits the exclusive remedy for his injuries, the wife's cause of action for loss of consortium is also barred. (*Williams* v. *State Compensation Ins. Fund,* 50 Cal.App.3d 116, 123 [123 Cal.Rptr. 812]; *Gillespie* v. *Northridge Hosp. Foundation,* 20 Cal.App.3d 867, 870 [98 Cal.Rptr. 134]; cf., *Williams* v. *Schwartz,* 61 Cal.App.3d 628, 633-634 [131 Cal.Rptr. 200].)